**Daniel J. MULCAHY, Plaintiff,**

v.

**UNITED STATES of America, R. L. Phinney, District Director of Internal Revenue, Austin, Texas, Arnold C. Spencer, Mervin G. Osby, and Weldon C. Arner, Defendants.**

Civ. A. No. 64-H-212.

United States District Court
S. D. Texas,
Houston Division.

Dec. 21, 1964.

Daniel J. Mulcahy, Houston, Tex., pro se.

Woodrow Seals, U. S. Atty., and John H. Baumgarten, Asst. U. S. Atty., Houston, Tex., Louis F. Oberdorfer, Asst.

Atty. Gen., and Fred B. Ugast and Joel P. Kay, Attorneys, Department of Justice, Washington, D. C., for defendants.

INGRAHAM, District Judge.

This case is before the court on the defendants' motion to dismiss the complaint for failure to state a cause of action for which relief may be granted.

Plaintiff, Daniel J. Mulcahy, filed suit to restrain and enjoin the defendants from filing federal tax liens against plaintiff in accordance with 26 U.S.C.A. § 6323, and to obtain an abatement of assessments issued against him out of which the federal tax liens might develop. The assessments were issued out of the Elizabeth, New Jersey, office of the Internal Revenue Service on April 2, 1964, in the amount of $4,610.76. That amount is equal in amount to taxes withheld from the employees of Houston Steel Drum Company and which were not paid over to the Internal Revenue Service by that corporation. The taxing authorities claimed that plaintiff was a responsible officer and liable to the Internal Revenue Service for the 100-Percent Penalty assessable under Section 6672 of the Internal Revenue Code. That section provides:

> "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

Oral demand for payment of the assessments was made upon the plaintiff on April 21, 1964, and plaintiff was advised that if payment was not immediately forthcoming, federal tax liens would be filed by the Internal Revenue Service against him in Harris County, Texas, and his property seized and sold in satisfaction thereof. Plaintiff then filed this suit, and the defendants moved to dismiss.

Defendants' motion is predicated on two statutory provisions. First, it is urged that Section 7421(a) of the Internal Revenue Code is a bar to the injunctive relief sought, and second that the court has no jurisdiction to enter a declaratory judgment with regard to federal taxes pursuant to the provisions of Section 2201 of Title 28 United States Code. The court agrees.

■ Section 7421(a) of the Code, with exceptions not relevant here, prohibits all suits "for the purpose of restraining the assessment or collection of any tax * * *." Plaintiff argues that assessments under Section 6672 are in the nature of a "penalty" and that they do not come within the prohibition of Section 7421(a) against suits to restrain the collection of a "tax". This is incorrect. It is expressly provided in Section 6671(a) that "[e]xcept as otherwise provided, any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter (including Section 6672)." There is no provision to the contrary applicable to Section 6672. The nature of the penalty imposed, which is an assessment equal to the amount of the tax not paid, shows that Section 6672 is simply a means for ensuring that the tax is paid, and does not impose a criminal liability. Compare Section 7202 of the Code, which provides a criminal penalty for the willful failure to collect and pay over taxes. In a case like the present, where the amount of the tax was withheld from the employees but not paid over to the government by the corporation, so that the assessment brings to the government only the same amount as that to which it was entitled by way of the tax, there is no reason to doubt that Congress meant what it said in Section 6671 and that collection of the as-

sessment can no more be prevented by injunction than could the original tax.

 Nor does the argument of the plaintiff that this is an attempt to satisfy the tax obligation of one out of the property of another withstand close analysis. The assessment was made against plaintiff and the government is threatening to satisfy the obligation from plaintiff. It is urged, however, that the letter from the New Jersey office of the Internal Revenue Service which notified plaintiff of the Treasury Department's intent to proceed against him under the penalty provisions was really intended for the president of the corporation since it referred to plaintiff as "president and counsel". The alternative possibility is more likely. The letter was intended for the plaintiff and the designation of Mulcahy as "president" was only a mistake as to what office the plaintiff held. That mistaken designation is not sufficient grounds to show that Mulcahy absolutely could not be liable for the penalty, yet that is the showing which is now required in order to avoid Section 7421(a). Only where there is no adequate remedy at law *and* where it is clear that under no circumstances could the government prevail can a suit for an injunction be maintained. Enochs v. Williams Packing and Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). The language of the Supreme Court in that case is particularly relevant:

"The manifest purpose of § 7421 (a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. * * *

"We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent

that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed."

There may be some doubt about the ultimate liability of the plaintiff, but that plaintiff is susceptible to inclusion within the statutory framework seems indisputable. In United States v. Graham, 309 F.2d 210 (1962), the Ninth Circuit held that a *director* could be liable under Section 6672, saying that the word "person" was not strictly limited to officers and employees, but included "all those so connected with a corporation as to be responsible for the performance of the act in respect of which the violation occurred." Id. at 212. We need not decide the question of plaintiff's ultimate liability now. Suffice it to say that it is not clear that the Government could not ultimately prevail. That being true, plaintiff does not bring himself within any exception which would defeat the application of Section 7421(a). The suit for injunction cannot be allowed.

 Title 28, § 2201, United States Code, provides for declaratory judgments "except with respect to Federal taxes." Plaintiff's contention that he is a "nontaxpayer" has been briefly discussed above. It is primarily on this ground that plaintiff feels he is not bound by Section 2201. But the disposition of this argument above is equally relevant here. The plaintiff's reference to cases in which the Government sought to satisfy the tax obligation of one person out of the property of another is inapposite. Plaintiff has alleged no grounds sufficient to give this court jurisdiction to enter a declaratory judgment.

 Furthermore, plaintiff's argument that this court has jurisdiction of this case by virtue of 28 U.S.C.A. § 1340, is not well founded. That section provides in part that "The district courts shall have original jurisdiction of any civil action arising under any Act of

Congress providing for internal revenue * * *." This is merely the general grant of jurisdiction to district courts to entertain actions of a certain class. Some statutory basis must still be alleged whereby the United States has waived its sovereign immunity in a suit such as this. It is not true, as plaintiff urges, that the Government consented to become a party to the subject action by filing assessments against plaintiff's property, since such action has not been taken by the Government. Reference to 28 U.S. C.A. § 2463 is likewise of no avail. And the court does not reach the question of whether plaintiff had the requisite willful intent, since to decide this would be to decide part of the question on its merits —action prohibited due to lack of jurisdiction.

Defendants' motion to dismiss is well founded. Dismissal order is entered contemporaneously herewith. The clerk will notify counsel.