UNITED STATES of America, Appellant,

v.

L. P. GRAHAM, Appellee.

No. 17739.

United States Court of Appeals Ninth Circuit.

Oct. 22, 1962.

Louis F. Oberdorfer, Asst. Atty. Gen., Donald Horwitz, Lee A. Jackson, I. Henry Kutz, and Kenneth E. Levin, Dept. of Justice, Washington, D. C., Charles A. Muecke, U. S. Atty., and John E. Lindberg, Asst. U. S. Atty., Tucson, Ariz., for appellant.

Hirsch, Van Slyke, Richter & Ollason, and David W. Richter, Tucson, Ariz., for appellee.

Before MERRILL and BROWNING, Circuit Judges, and TAYLOR, District Judge.

MERRILL, Circuit Judge.

The United States appeals from judgment of the district court granting appellee a refund of penalties in the sum of $1,940.34, assessed by the Arizona District Director of Internal Revenue for failure of appellee to collect, account for and pay over certain taxes owed by Tucson Football Cowboys, Inc., a corporation.

The assessment was made pursuant to §§ 6671(b) and 6672 of the Internal Revenue Code of 1954, 26 U.S.C.A. §§ 6671(b), 6672, which sections are set forth in the margin.[1]

---

1. Section 6671(b): "Person defined. The term 'person', as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to .perform the act in respect of which the violation occurs."

Section 6672: "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for, and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

In granting the refund the district court concluded that Graham was not a person required to collect or pay over the taxes in question. This ruling is assigned as error on this appeal.

In support of the district court Graham here contends that he was not a "person," as defined in § 6671(b), since he was simply a member of the corporation's board of directors, was not employed by the corporation and did not serve as an executive officer.[2]

This is too narrow a reading of the section. The term "person" does include officer and employee, but certainly does not exclude all others. Its scope is illustrated rather than qualified by the specified examples. In our judgment the section must be construed to include all those so connected with a corporation as to be responsible for the performance of the act in respect of which the violation occurred.

Graham next contends that he was not a person under § 6672 "required to collect, truthfully account for, and pay over" the taxes in question, since he was not a disbursing officer of the corporation and had no authority to draw or sign checks on the corporation's bank account.[3]

This again, we feel, is too narrow a construction. The statute's purpose is to permit the taxing authority to reach those responsible for the cor-poration's failure to pay the taxes which are owing. It would make little sense to confine liability to those performing the mere mechanical functions of collection and payment when such functions are performed simply in accordance with the executive judgment of others whose duty it is to decide for the corporation in this area.

The question is simply whether the board of directors "had the final word as to what bills should or should not be paid, and when." Wilson v. United States, 9 Cir., 1957, 250 F.2d 312, 316. Appellee contends that it did not and that the district court has so found.[4]

In the light of the issues (hereinbefore discussed) upon which this case was tried to the district court and the findings made upon those issues, we regard the court's determination in this area as inconclusive. Never did the evidence come to grips with the essential question: whether the board controlled the payment of the corporation's tax debt or whether this power had by the board been delegated to some officer of the corporation. Nor does it appear that the district court was called upon to find upon this issue.

Graham contends that irrespective of the outcome upon this issue, he himself did not willfully fail to pay over the taxes due and that the district court has so found.[5]

2. That the district court felt there was some merit to this contention appears from its findings 7 and 8, which read:
  "7. During the period in question plaintiff was not employed in any capacity by the corporation nor did he receive any salary or wages from the corporation.
  "8. During 1958 or at any other time plaintiff was not elected, appointed to, nor did he hold any office in the Corporation."

3. That the district court felt that there was some merit to this contention appears from its finding 10, which reads:
  "During the period in question plaintiff was not the disbursing officer of the corporation and did not have and was never given corporate authority to draw or sign checks on the bank accounts of the cor-poration, and plaintiff never in fact did sign any checks on any bank accounts of the corporation."

4. The court found:
  "During the period in question plaintiff did not have the corporate duty or authority to collect, receive, prepare or file federal withholding, FICA or excise taxes or returns and he did not have the corporate authority or duty to pay any federal withholding, FICA, or excise taxes or any other debts or obligations of the corporation."

5. The court found:
  "Plaintiff did not as a director of the corporation, or otherwise, knowingly, intentionally or wilfully fail to collect, truthfully account for, or pay over any

Here, too, we find the evidence and the determinations of the district court inconclusive in the light of the manner in which the case was tried and the issues apparently tendered to the court for determination.

The court did not find upon the question whether. the board acted to pay other obligations of the corporation in preference to the tax obligation. If such was the action of the board and if the board was, as the United States contends, the corporate authority which approved or disapproved the payment of corporate obligations, it does not appear what the state of Graham's knowledge was with reference to the unpaid taxes or what he did or did not do in regard to their payment.

In the light of our views as here expressed, further trial and determination upon decisive issues are required.

Reversed and remanded for new trial.

federal withholding, FICA or excise taxes, nor did he in any manner attempt to evade or defeat such taxes.·

"Plaintiff did not as a director of the corporation, or otherwise, knowingly, intentionally or wilfully act to pay obligations to other creditors of the corporation in preference to the federal tax liabilities of the corporation."