Kyle I. TURNER, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff-Appellant,

v.

MATANUSKA VALLEY BANK and Richard M. Jones, Third-Party Defendants.

No. 23922.

United States Court of Appeals, Ninth Circuit.

March 10, 1970.

Gilbert E. Andrews (argued), Asst. U. S. Atty., Douglas B. Bailey, U. S. Atty., Anchorage, Alaska, Lee A. Jackson, Atty., Johnnie M. Walters, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for the appellant.

Robert Flint, Anchorage, Alaska, argued Allen McGrath, McGrath & Wolhforth, Anchorage, Alaska, for Turner.

L. S. Kurtz, Jr., Anchorage, Alaska, argued Burr, Boney, & Pease, Anchorage, Alaska, for Valley Bank.

Before BARNES, ELY, and HUFSTEDLER, Circuit Judges.

HUFSTEDLER, Circuit Judge:

The Government appeals from a summary judgment in favor of Turner, a

taxpayer, against whom the Internal Revenue Service had assessed the penalty imposed by 26 U.S.C. § 6672 [1] for failure to pay withholding taxes. We reverse because we have concluded that the record presents triable issues of fact.

Mrak Coal Company, Inc. ("Company"), obtained a $450,000 loan from the Matanuska Valley Bank in 1963. As a condition of the loan, the bank required that Turner, a vice-president of the bank, be made an officer and director of the Company and that Turner countersigned all company checks. The Company furnished the bank with financial statements and with lists of creditors. Among the creditors on the lists was the Government, to whom the Company owed 1964 payroll taxes. Mr. and Mrs. Mrak, the principal stockholders and officers of the Company, anticipated a tax refund that they intended to use to pay the payroll taxes. On April 21, 1964, the Service sent refund checks totaling over $36,000 to the Company. The bank acquired the checks, and through one Jones, an executive vice-president of the bank, the refund checks were deposited in the bank, and the proceeds were applied to the Company's indebtedness to the bank.

On April 30, 1964, Mrs. Mrak wrote a Company check to the Service for the 1964 payroll taxes then due and sent the check without Turner's countersignature to the Service. The Service sent the check to the bank for collection, and Turner then countersigned it. The check was returned by the bank because there were not sufficient funds to cover it. The Company ceased operations in June 1964, and it later was discharged in bankruptcy.

The district court held that Turner was not a "person required to collect, truthfully account for, and pay over" the payroll taxes as required by section 6672 and that he did not fail "willfully" to do so.

Section 6672 includes "all those so connected with a corporation as to be responsible for the performance of the act in respect of which the violation occurred"; it reaches those who have " 'the final word as to what bills should or should not be paid, and when.' " (Pacific National Insurance Company v. United States (9th Cir. 1970) 422 F.2d 26 quoting Wilson v. United States (9th Cir. 1958) 250 F.2d 312, 316; United States v. Graham (9th Cir. 1962) 309 F.2d 210.) In this context "final" means significant, rather than exclusive control. Section 6672 "was designed to cut through the shield of organizational form and impose liability upon those actually responsible for an employer's failure to withhold and pay over the tax. It would frustrate this purpose needlessly to imply a condition limiting the application of the section to those nominally charged with controlling disbursements of a corporate employer, thus immunizing those who, through agreement with or default of those nominally responsible, have exercised this corporate function in fact." (Pacific National Insurance Co. v. United States, *supra*, 422 F.2d at 31.) Liability may be thus imposed on more than one person. (Scott v. United States (1965) 354 F.2d 292, 173 Ct.Cl. 650.)

In a civil action based upon a statute intended to "insure payment to the United States of a tax already collected or

1. 26 U.S.C. § 6672 provides:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and

paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

The word "person" is defined in § 6671:

The term "person," as used in this subchapter includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

deducted by an employer, whose employees have already received credit for the withheld taxes in their individual returns," rather than a criminal action, willfulness is merely the "voluntary, conscious, and intentional act to prefer other creditors \* \* \* over the United States." (Bloom v. United States (9th Cir. 1959) 272 F.2d 215, 223, cert. denied (1960) 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146.)

Turner testified on deposition that, although he was aware that the Company owed withholding taxes, he did not know of the anticipated tax refund, nor did he know that the Mraks intended to use the proceeds from that refund to pay the payroll taxes. Rather, he said that he would have been "surprised" to learn that the Mraks had not set aside funds with which to pay the taxes. He testified that when creditors of the Company would contact him about their bills, "I wasn't at the throttle, that is, I mean I wasn't the one that said who got paid, he got paid, I didn't do that, so I didn't —all I could tell them is 'I don't know.' " Turner claimed that he made only periodic examinations of the Company's financial statements and that he did so only to guard against luxury spending. About once a week, he said, he would receive the Company's outgoing checks from Mrs. Mrak to ascertain that they were for proper purposes. He stated that he did not recall signing a check for withholding taxes but, in any event, he would not have made certain that there were sufficient funds to cover a particular check that he signed; he simply examined the checks to see if they were for Company business.

Turner's testimony on those points was flatly contradicted by Mrs. Mrak's testimony. Moreover, inferences could be drawn from the other evidence that Turner's role in handling the Company's finances was far from trivial. These conflicts could not be resolved on summary judgment.

 We cannot say that Turner was outside the reach of section 6672 as a matter of law from the uncontroverted evidence. (Cf. Griswold v. United States (S.D.Cal.1962) 209 F.Supp. 98; Markewich v. United States (S.D.N.Y.1961) 7 A.F.T.R.2d 845; Kaufman v. Scanlon (E.D.N.Y.1965) 245 F.Supp. 352.)[2]

The judgment is reversed.

---

2. We express no opinion on the question of the ultimate liability of the bank. The bank is a party to the action, but not a party to this appeal. *See* Rule 54(b) Fed.R.Civ.P.