Howard LESHER, Plaintiff,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

MACHINERY PURCHASING SERVICE and Lowell Yarian, Third-Party Defendants.

No. S 74–217.

United States District Court, N. D. Indiana, South Bend Division.

July 26, 1977.

James M. Miller, South Bend, Ind., C. Severin Buschmann, Jr., Indianapolis, Ind., for plaintiff.

John R. Wilks, U. S. Atty., Fort Wayne, Ind., John A. DiCicco, Tax Div., Dept. Justice, Washington, D. C., Russell H. Fisher, John L. Carey, Gordon S. Eslick, South Bend, Ind., for defendant.

## ORDER AND MEMORANDUM

ALLEN SHARP, District Judge.

This is an action for the recovery of a 100% penalty in the amount of $200.00, plus statutory interest. This amount was paid by plaintiff in partial satisfaction of a 100% penalty in the amount of $21,592.41 assessed against him, pursuant to the provisions of Sections 6671 and 6672 of the Internal Revenue Code of 1954 (hereinafter Code) for the unpaid employment taxes withheld from the wages of the employees of King Homes, Inc. during the fourth quarter of 1969 and the last two quarters of 1971.

The United States has counterclaimed against the plaintiff for the unpaid balance of the assessment in the amount of $21,-106.55, plus interest.

The United States has also filed third party complaints against the third party defendants, Machinery Purchasing Service (a partnership) and Lowell Yarian, each in the amount of $17,399.54, plus interest, with respect to 100% penalties assessed against each of them for the unpaid employment taxes withheld from the wages of the employees of King Homes, Inc. during the last two quarters of 1971. These 100% penalty assessments were also made pursuant to the provisions of Sections 6671 and 6672 of the Code.

The two issues before the Court are:

1. Is a partnership a "person" within the meaning of Sections 6671 and 6672 of the Internal Revenue Code of 1954? and,

2. Was the assessment against Machinery Purchasing Service timely as to both the third and fourth quarters of 1971?

With respect to the first issue, Section 6672 of the Code imposes on any "person" who is responsible for collecting, truthfully accounting for, and paying over to the Government, the social security and income taxes withheld from the wages of employees, and who wilfully fails to do so, a penalty equal to the amount of the unpaid employment taxes withheld. Machinery Purchasing Service (M.P.S.) contends that a partnership cannot be a "person" within the meaning of Code Section 6672 and that only individual partners can be responsible persons.

Code Section 6671(b) (Appendix, *infra*) defines "person" for purposes of 6672 as follows:

> "The term 'person', as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

Several courts have determined that this definition was not intended as an exclusive or exhaustive list of classes of persons. In *Pacific National Insurance Co. v. United States*, 422 F.2d 26 (9th Cir. 1970), the court stated:

> "The definition of 'persons' in section 6671(b) indicates that the liability imposed by section 6672 upon those other than the employer is not restricted to the classes of persons specifically listed—offi-

cers or employees of corporations and members or employees of partnerships. '[B]y use of the word "include[s]" the definition suggests a calculated indefiniteness with respect to the outer limits of the term' defined. *First National Bank in Plant City, Plant City, Florida v. Dickinson*, 396 U.S. 122, 90 S.Ct. 337, 24 L.Ed.2d 312 (1969). As we said in *United States v. Graham*, 309 F.2d 210, 212 (9th Cir. 1962): 'The term "person" does include officer and employee, but certainly does not exclude all others. Its scope is illustrated rather than qualified by the specified examples.'" (footnotes omitted) Id. at p. 30

See also, *Adams v. United States*, 504 F.2d 73 (7th Cir. 1974), and *Dudley v. United States*, 428 F.2d 1196 (9th Cir. 1970).

The issue before the Ninth Circuit Court of Appeals in *Pacific National, supra*, was whether a corporation was a "person" under Section 6671(b). In discussing the breadth of Section 6671(b) the Court concluded:

"The language is broad enough to reach corporations and other artificial entities, as well as natural beings. The Code expressly provides that unless 'otherwise distinctly expressed or manifestly incompatible with the intent * * * The term "person" shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation.' 26 U.S.C. § 7701(a)(1). And since artificial entities commonly provide operating, accounting, and management services for independent businesses, it is not 'manifestly incompatible' with the intent of section 6672 to include them within its reach."

Similarly, the Seventh Circuit in *Adams v. United States, supra* in holding that a corporation could be a "person" under Section 6672 stated:

"The 'person' who is responsible for the payment of corporate taxes within the meaning of § 6672 is that individual who has the final word as to what bills should or should not be paid, and when. *Turner v. United States*, 423 F.2d 448, 449 (9th

Cir. 1970). In this context, the word 'final' means significant rather than exclusive control over the disbursal of funds. *Dudley v. United States*, 428 F.2d 1196, 1201 (9th Cir. 1970). Moreover, although the liability for failure to collect, account for, and pay over withheld taxes usually attaches to those high corporate officials who have the power and responsibility within the corporate structure for seeing that taxes withheld from various sources are remitted to the government, *Monday v. United States*, 421 F.2d 1210, 1214 (7th Cir. 1970), the party subject to the penalty for the corporation's failure to pay the taxes due is not always or necessarily an official of the delinquent corporation. *McCarty v. United States,* 437 F.2d 961, 967, 194 Ct.Cl. 42 (1971). The fact of the matter is that the responsibility for nonpayment of the tax includes all those so connected with the business as to be responsible for the performance of the act in respect of which the violation occurs. *Dudley*, supra, 428 F.2d at 1201. *Indeed, § 6672 is broad enough to reach an entity which assumes the function of determining whether or not the employer will pay over taxes withheld from its employees. Pacific National Insurance v. United States,* 422 F.2d 26, 30 (9th Cir. 1970)." (emphasis added) Id. at p. 75, 76.

Furthermore, Section 7701(a) provides:

"(a) When used in this title, *where not otherwise expressed or manifestly incompatible with the intent* thereof—

(1) *Person.*—The term 'person' shall be construed to mean and include an individual, a trust, estate, *partnership*, association, company or corporation." (emphasis added)

■ Therefore, in light of *Adams v. United States, supra, Pacific National Insurance Co. v. United States, supra,* and Section 7701(a), this Court concludes that Section 6671(b) of the Code does not express an intention to exclude partnership from the definition of person and further, under Section 7701(a), the encompassing of partnership within the term "person" would not be "manifestly incompatible with the in-

tent" of Code Sections 6671 and 6672. Machinery Purchasing Service is therefore a proper defendant in this action.

With respect to the second issue, M.P.S. contends that the assessment made against it on March 26, 1975, was not timely insofar as the assessment relates to the third quarter of 1971. M.P.S. argues that the assessment was not made within three years of April 15, 1971, the date it maintains the return in question was deemed filed. Pursuant to Sections 6671(a) and 6501(a) of the Code, assessments must be made "within three years after the return was filed . . ." Section 6501(a). Section 6501(b)(2) provides for the determination of when a return is deemed filed.

"Return of certain employment taxes and tax imposed by chapter 3.—For purposes of this section, if a return of tax imposed by chapter 21 or 24 for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be considered filed on April 15 of such calendar year." .

It is M.P.S.'s position that Section 6501(b)(2) should be interpreted so that its Form 941, Employer's Quarterly Federal Tax Return for the third quarter of 1971, filed on November 11, 1971 will be deemed filed on April 15, 1971.

The government maintains that the proper interpretation of Section 6501(b)(2) provides that the Form 941 filed on November 11, 1971 is deemed filed on April 15, 1972.

This Court is unpersuaded by M.P.S.'s proposed interpretation of Section 6501(b)(2). Were this Court to adopt M.P.S.'s proposed interpretation the return for the third quarter of 1971, although not due to be filed until October 30, 1971, (Treasury Regulations on Employment Tax (1954 Code), § 31.6071(a)–1, (26 C.F.R.)) would be deemed filed on April 15, 1971—some five and one-half months before it was even due. It is highly unlikely that this is what Congress intended and M.P.S. has cited no authority that it is.

This Court therefore adopts the more reasonable interpretation of Section 6501(b)(2) that the Form 941 filed on November 11, 1971 is deemed filed on April 15, 1972. The assessment made on March 26, 1975 is therefore timely under Section 6501(a) of the Code.

Therefore, in light of all the foregoing, it is the order of this Court that the third party defendant's, Machinery Purchasing Service, motions for judgment on the pleadings and partial summary judgment are each and both DENIED.