**In re Donald D. DERICKSON and Mary C. Derickson, Debtors.**

**Bankruptcy No. 687–07710–R7.**

United States Bankruptcy Court, D. Oregon.

July 3, 1989.

Gerry Gaydos, Gaydos & Churnside, P.C., Eugene, Or., for debtors.

Mark E. Nebergall, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for creditor, I.R.S.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE,
Bankruptcy Judge.

This matter comes before the court on the debtors' objection to the proof of claim filed by the Internal Revenue Service (IRS) and the related motion, by the debtors, for a determination of tax liability pursuant to 11 U.S.C. § 505.

## BACKGROUND

The debtors filed their petition for relief herein under Chapter 7 of the Bankruptcy Code on August 4, 1987. The IRS has filed a proof of claim for $59,017.13 for unpaid withholding taxes due from various corporations, as hereinafter described. The IRS seeks, by its proof of claim, to impose liability upon the debtor, Donald D. Derickson, pursuant to 26 U.S.C. § 6672(a) which provides a 100% penalty tax for unpaid withholding taxes upon any "responsible person". At a preliminary hearing held on October 26, 1988 the IRS conceded that it has no claim against the debtor, Mary C. Derickson, as a "responsible person". The

amount of the IRS claim is not in dispute. Debtor, Donald C. Derickson, has objected to the claim contending that he is not a "responsible person" as defined in the Internal Revenue Code and is, therefore, not liable for the penalty tax. A hearing on the debtor's objection was held on March 9, 1989 where the court heard testimony and received evidentiary exhibits. The debtor appeared personally and by counsel, Gerry Gaydos. The Internal Revenue Service appeared by counsel, Mark Nebergall. The court has examined the memoranda submitted by the parties.

## FACTS

Based upon the evidence and testimony received by the court at the March 9, 1989 hearing and the memoranda of the parties, the court makes the following findings of fact.

The debtor, Donald D. Derickson, is a Certified Public Accountant licensed to practice in Oregon. At all relevant times, his practice was located in Springfield, Oregon. In 1982, after doing work for the Eugene Arby's fast food restaurant, the debtor and his son-in-law, William Bayne, (Bayne) became interested in owning Arby's franchises in Southern Oregon.

In early 1982, debtor, Bayne and two other parties (Broadbeck and Lochrie) formed S.O. Beef, Inc. (SOB, Inc.) to operate an Arby's franchise restaurant in Klamath Falls, Oregon. Debtor was a director, the secretary and a 30% shareholder (with his wife) in this corporation. Bayne owned a similar share of the stock and was the president and chief executive officer. Soon thereafter, debtor and Bayne obtained the stock of Broadbeck and Lochrie leaving each with 50% of the corporate stock.

In the next two years, debtor and Bayne formed three other corporations to operate Arby's restaurants; Caveman Foods, Inc., with a restaurant in Grants Pass, Oregon; Umpqua Beef, Inc., with a restaurant in Roseburg, Oregon and Pearl Foods, Inc. with a restaurant(s) in Hawaii. In all of these corporations, debtor was a director, the secretary and a 50% shareholder. Bayne owned the other 50% of the stock

and was the president and CEO of each corporation.

Debtor testified that he invested in the various corporations primarily to provide retirement income. He never intended to participate in the corporations' day to day affairs, financial or otherwise. Those duties were to be performed by Bayne.

The debtor further testified that Bayne did, in fact, perform those duties. Bayne was responsible for the day to day operations and financial affairs of the various corporations. The debtor was not responsible for the hiring/firing or supervision of personnel or the payment of corporate obligations. He did provide general accounting services and prepared some income tax and payroll tax returns based upon information given to him by Bayne and others until May, 1985.

In early 1985, debtor was contacted by an IRS agent who indicated that there were outstanding withholding obligations that had not been paid by the corporations and that, if not paid immediately, the restaurants would be closed. Debtor then personally borrowed enough funds to satisfy the immediate demands of the IRS and keep the restaurants open. The debtor testified that this was the first time he became aware that payroll taxes were not being paid.

After May, 1985, the debtor no longer performed general accounting services for the corporations including the preparation of quarterly payroll tax returns. He did, from time to time, receive financial statements and other information. If those statements reflected unpaid payroll tax liabilities, he would contact Bayne. Bayne consistently assured the debtor that payments were being made.

In late 1982, Bayne and debtor formed two partnerships, as equal general partners, Beef Management Co. and Beef Management Co. of Hawaii (the partnerships) to coordinate advertising, purchasing, payroll and secretarial services for the various restaurants.

After May, 1985, employees of the partnerships took over the debtor's functions of

providing general accounting services, though he did provide some training concerning payroll, payroll tax returns, etc.

Each of the corporations was to pay a fee to the appropriate partnership for providing the above described services although there were no written contracts to that effect.

The debtor further testified that he did not have possession of the partnership or any corporation bank accounts and did not write or sign checks on behalf of any of the business entities. He did pay some bills (such as unpaid payroll tax liabilities), on behalf of the corporations, with his personal funds which he borrowed for that purpose. The various bank accounts were in Bayne's possession and he decided in what order, etc. bills would be paid.

In 1985, the restaurants began to experience financial difficulties and by the end of 1986 the last one had either been sold, closed, repossessed or put into bankruptcy.

## ISSUE

26 U.S.C. §§ 3102(a) and 3402(a) require an employer to withhold from his employees' wages, social security (FICA) and income taxes. These taxes are held in trust for the benefit of the United States. 26 U.S.C. § 7501. The IRS has filed a proof of claim herein for $59,017.13 for unpaid FICA and income withholding taxes for the second, third and fourth quarters in years 1984 and 1985 due from the above-named corporations together with interest and penalties thereon. It argues liability should be imposed upon debtor as a "responsible person" for collection, accounting and payment of such taxes under § 6672 of the Internal Revenue Code. That section provides as follows:

(a) General Rule ... Any *person* required to collect, truthfully account for, and pay over any tax imposed by this title who *willfully* fails to collect such tax or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total

amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable. 26 U.S.C. § 6672(a). (emphasis added)

26 U.S.C. § 6671(b) defines "person" to include:

... an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee or member is under a duty to perform the act in respect of which the violation occurs.

The debtor contends that he is not a "responsible person" as defined by these statutes.

## BURDEN OF PROOF

Before examining the question of whether or not the debtor is a "responsible person", this court feels compelled to briefly discuss the evidentiary burdens of the parties.

This issue was thoroughly examined by Judge Higdon of this district in *In re Abner.* No. 686–07089–W7 (Bankr.D.Or. Dec. 7, 1988). She found that the burdens for establishing liability in tax cases parallel the burdens imposed on any objection to a proof of claim in a bankruptcy case. That is, a tax assessment, like a proof of claim, is presumed to be correct. The taxpayer has the burden of producing evidence to rebut that presumption. If he does, the presumption disappears and the ultimate burden of persuasion falls upon the IRS.

Here, the parties stipulated at the March 9 hearing that the debtor has the burden of proof. This court finds that this stipulation is consistent with the initial burden of the taxpayer to go forward with evidence rebutting the presumption. The ultimate burden of persuasion has not, however, been altered.

## RESPONSIBLE PERSON

"A responsible person is one who has the 'final' word on which bill should or should not be paid." *Maggy v. United*

*States*, 560 F.2d 1372, 1374 (9th Cir. 1977), *citing, Bloom v. United States*, 272 F.2d 215, 222 (9th Cir.1959). "Final" means "significant rather than exclusive control." *Dudley v. United States*, 428 F.2d 1196, 1201 (9th Cir.1970); *Turner v. United States*, 423 F.2d 448, 449 (9th Cir.1970). A person may be "responsible" if he has a duty to perform any one of the three functions listed in § 6672. *Slodov v. United States*, 436 U.S. 238, 248–52[, 98 S.Ct. 1778, 1785–88, 56 L.Ed.2d 251] (1978). More than one individual may be found to be a "responsible person" for a particular tax period, *United States v. Graham*, 309 F.2d 210, 212 (9th Cir.1962), and liability under the section may be imposed on both. *Turner*, 423 F.2d at 449. Responsibility is a matter of status, duty and authority, not knowledge. *Mazo v. United States*, 591 F.2d 1151, 1156 (5th Cir.1979). The control necessary to support liability under § 6672 is simply the ability to direct or control the payment of corporate funds. *See, Wilson v. United States*, 250 F.2d 312, 316 (9th Cir.1958); *and, Turner*, 423 F.2d at 449. One who is found to be a "responsible person" cannot successfully argue he failed to understand such responsibilities. *Sorenson v. United States*, 521 F.2d 325, 329 (9th Cir.1975).

*In re Abner*, at pp. 6–7..

On the other hand ... "The mechanical duties of signing checks and preparing tax returns are not determinative of liability under § 6672." *Godfrey v. United States*, 748 F.2d 1568, 1575 (Fed.Cir.1984). *See also Abramson v. United States*, 48 B.R. 809 (E.D.N.Y.1985). "Mere office holding of and by itself does not render one responsible for the collection and paying over of employee withholding taxes." *Bauer v. United States*, 211 Ct.Cl. 276, 543 F.2d 142, 149 (Ct. of Claims, 1976). "As the case law makes abundantly clear, a person's 'duty' under § 6672 must be viewed in light of his power to compel or prohibit the allocation of corporate funds. It is a test of substance, not form." *Godfrey v. United States*, 748 F.2d at 1576.

In *Winchester v. Internal Revenue Service*, 686 F.Supp. 605 (E.D.Mich.1987), the court found that the plaintiff was not a "responsible person" even though she was an officer of the subject corporation, could sign checks on one corporate account and owned 50% of the stock of the corporation where it appeared that the actual business of the corporation was operated solely by her ex-husband and that the plaintiff did not exercise influence or control over the financial affairs of the corporation.

■ Here, since the debtor did not exercise influence or control over the day to day financial affairs of the respective corporations, since he did not direct or control the payment of corporate funds or decide which bills should or should not be paid with corporate funds, this court concludes that he is not a "responsible person" under 26 U.S.C. § 6672.

### WILLFULNESS

■ In the alternative, even if this court were to find that debtor has the requisite responsibility or duty under the statute, his failure to perform or discharge that duty, i.e., to collect, account for and pay over withheld taxes must be willful. "Responsibility without willfulness is not enough." *Bauer v. United States*, 543 F.2d at 150. An act is willful within the meaning of the statute if it is the voluntary, conscious and intentional act of preferring other creditors over the United States. *Bloom, [v. United States,]* 272 F.2d [215] at 215. No intent to defraud or bad motive need be present. *Id.* The argument that lack of knowledge of nonpayment rendered the nonpayment willful because of a duty on the part of any responsible person to investigate to see that the payments are being made has been rejected. *Teel v. United States*, 529 F.2d 903, 905 (9th Cir.1976).

*In re Abner*, at p. 7.

"Mere negligence in failing to ascertain facts regarding a tax delinquency is insufficient to constitute willfulness under the Code." *Bauer v. United States*, 543 F.2d at 150.

Here, when the debtor was contacted by an IRS agent, in early 1985, concerning

payroll tax deficiencies, he personally borrowed funds to make payment on the obligations. He testified that this was his first knowledge of any such deficiency. Thereafter, he made repeated inquiries and was repeatedly assured by Bayne that the taxes were being paid. Although it could be argued that the debtor could have been more aggressive in his inquiries and investigations, at most, his conduct would amount to mere negligence. Thus, even if the debtor had a duty to collect, account for and pay over taxes as described in 26 U.S.C. § 6672, his failure to perform such duties was not willful.

### PARTNERSHIP LIABILITY

The IRS, however, argues that the partnerships are the "responsible persons". Since debtor is a general partner of both partnerships, Oregon partnership law imposes liability upon him. The pertinent statutes are:

O.R.S. 68.210.

(1) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which the partner is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom the partner is dealing has knowledge of the fact that the partner has no such authority.

O.R.S. 68.250.

Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

O.R.S. 68.270.

All partners are liable:

(1) Jointly and severally for everything chargeable to the partnership under ORS 68.250 and 68.260.

■ A partnership may be a "person" under 26 U.S.C. §§ 6671(a) & 6672. *Lesher v. United States*, 440 F.Supp. 372 (N.D.Ind. 1977).

■ Here, the partnerships were formed to provide advertising, purchasing, and secretarial services to the various corporations and to prepare payroll reports. It is undisputed that providing these services alone, do not make the partnerships "responsible persons" under 26 U.S.C. § 6672. The IRS argues, however, that the partnerships went beyond these limited duties through its manager/partner, Bayne, and decided when and how corporate debts were to be paid. In other words, the IRS contends that the partnerships directed or controlled the payment of corporate funds for each of the corporations and willfully decided to prefer other creditors over the United States.

It is undisputed that Bayne was in charge of the day to day financial affairs of the four corporations. The testimony of the debtor was corroborated by the testimony of other witnesses, to wit: Dennis Broadbeck (a former "trouble shooter" for the restaurant corporations), Carrie Egderton (a former secretary-receptionist for one of the partnerships), Catherine Collins (a former secretary for one of the partnerships and a former officer for Pearl Foods, Inc.) and Robert Collins (a former manager of Pearl Foods, Inc.).

All of these witnesses testified that Bayne was, in essence, "the boss" to whom they reported and the man who made the decisions. They knew the debtor only as a "silent partner". Bayne had control over the corporate checking accounts and exercised such control in deciding which corporate obligations would be met. He also, on a regular basis, directed the transfer of funds from one corporation to another. He gave daily instructions to the bookkeeper of Pearl Foods, Inc., the most successful corporation, to transfer funds from Pearl Foods to pay creditors of the other three corporations on an as-needed basis.

The issue, however, is not whether or not Bayne is a "responsible person" as both sides acknowledge that he is. The issue is what "hat" Bayne was wearing when he engaged in the activities described above. If he was acting as a partner of the partnerships, then the partnerships would be liable as "responsible persons" and liability would attach to the debtor as a general partner. If, however, he was acting as the president and CEO of the various corporations, then the partnerships would not be "responsible persons".

Debtor testified that the partnerships, as entities, had no control over the financial affairs of the various corporations. The partnerships were not formed nor did they exist for the purpose of directing or controlling the payment of corporate funds or to determine whether or not certain corporate creditors should be preferred over the United States. Thus, Bayne was acting as the president and CEO of the various corporations when he engaged in the activities described above.

Obviously, as a factual matter, it is a close question. The evidence adduced by the debtor at the March 9, 1989 hearing is sufficient, however, to rebut the presumption that the IRS proof of claim is correct. Accordingly, the burden of proof then shifts to the IRS to show, by a preponderance of the evidence, that Bayne was acting as a partner of the partnerships when he exercised control over the various corporations. In that regard, this court concludes that the IRS has failed to meet this burden.

Accordingly, this court concludes that neither of the partnerships is a "responsible person" under 26 U.S.C. § 6672. It follows that the debtor cannot be held liable for the 100% tax penalty by virtue of his status as a general partner in the partnerships.

## CONCLUSIONS

This court concludes that the debtor is not liable for the penalty tax described in the IRS proof of claim for the reasons set forth above. The debtor's objection to the IRS proof of claim should be sustained. An appropriate order shall be entered.

This opinion constitutes the court's findings of fact and conclusions of law; they shall not be separately stated.