**In the Matter of Lloyd Kenneth COBB, Debtor.**

**Lloyd Kenneth COBB, Plaintiff,**

**v.**

**UNITED STATES of America, DEPARTMENT OF INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. BK88–40843.**
**Adv. No. A90–4055.**

United States Bankruptcy Court, D. Nebraska.

Jan. 9, 1992.

Pike & Fischer, Inc., Bethesda, Md.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

The issue before the court is whether the Internal Revenue Service or debtor have the burden of proof with respect to federal income tax liabilities.

In reliance on Bankruptcy Rule 3001(f), debtor contends that the Internal Revenue Service has the burden of ultimate persuasion. The Internal Revenue Service relies on non-bankruptcy law under which it is generally established that the burden of proof is upon a taxpayer. *United States v. Janis,* 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976), *Bull v. United States,* 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935), *Sinder v. United States,* 655 F.2d 729 (6th Cir.1981). I conclude that the burden of proof rests upon the taxpayer notwithstanding Bankruptcy Rule 3001(f).

Two recent cases conclude that Bankruptcy Rule 3001(f) shifts the burden of proof to the Internal Revenue Service. *See In re Premo,* 116 B.R. 515 (Bkrtcy. E.D.Mich.1990), and *Fidelity Holding Co., Ltd. v. The Official Creditors' Committee,* 837 F.2d 696 (5th Cir.1988). *Collier* appears to also conclude that once the debtor "carries the burden of going forward to meet, overcome, ... the proof of claim," the burden shifts to the claimant. *See*

§ 502(a), *Collier on Bankruptcy*, ¶ 502.-1[3] 15th Ed.1989. I respectfully disagree with this growing weight of authority and conclude that the burden of proof with respect to tax claims is not shifted as a result of Bankruptcy Rule 3001(f).

Bankruptcy Rule 3001(f) does not, in a technical sense, allocate burden of proof. The Rule simply establishes that a proof of claim constitutes evidence. *Cf. Whitney v. Dresser*, 200 U.S. 532, 26 S.Ct. 316, 50 L.Ed. 584 (1906). The Rule, in effect, creates a presumption which must be overcome by debtor. Once the presumption of Bankruptcy Rule 3001(f) is overcome, the proof of claim no longer constitutes evidence—the bubble is burst. The burden of proof is to then be allocated by applicable non-bankruptcy law. *Cf.* Fed.R.Evid. 301. In the case of tax claims, the burden of proof and persuasion is upon the taxpayer. *See, United States v. Janis*, supra. Bankruptcy Rule 3001(f) does not shift the burden to the IRS.

To rule otherwise would permit a tax litigant to shift the burden of proof to the Internal Revenue Service by filing bankruptcy.