**In re Walter Steven BROWN and Diane Kay Brown, Debtors.**

Civ. No. 4–93–70804.
Bankruptcy No. 93–00070–C.

United States District Court,
S.D. Iowa,
Central Division.

June 13, 1994.

Marlyn S. Jensen, Osceola, IA, for plaintiffs.

Kevin R. Query, U.S. Atty., Des Moines, IA, and John T. McGuire, Dept. of Justice, Tax Div., Sp. Litigation, Washington, DC, for defendant.

United States Trustee, pro se.

Anita L. Shodeen, Trustee, Beving, Swanson & Forrest, pro se.

## DECISION AND ORDER REVERSING AND REMANDING TO BANKRUPTCY COURT

VIETOR, District Judge.

Debtors filed their chapter 12 bankruptcy petition on January 11, 1993. On May 10, 1993, the Internal Revenue Service (IRS) filed a proof of claim listing proposed and estimated assessments of federal income taxes owed by debtors totaling $604,251.89, including pre-petition accrued interest and penalties. Debtors filed an objection to the IRS's proof of claim, stating that the claim was "totally unfounded in fact, or law, and frivolous." The IRS filed an objection to debtors' objection. On September 16, 1993, the bankruptcy court held a hearing on the debtors' objection and the IRS's objection thereto. In an order dated September 16, the bankruptcy court overruled debtors' objection to the IRS's proof of claim, and the proof of claim was deemed allowed as filed. The bankruptcy court also on its own motion dismissed the case pursuant to 11 U.S.C. § 1208(c)(9). The bankruptcy court's findings and conclusions were dictated into the record at the hearing.

Debtors appeal from the bankruptcy court's: (1) order overruling debtors' objection to the IRS's proof of claim; (2) order dismissing the debtors' case; (3) refusal to hear or consider evidence regarding the alleged illegal manner in which the IRS obtained evidence on which to base its claim; and (4) refusal to admit into evidence an affidavit and certain discovery materials. This court has jurisdiction pursuant to 28 U.S.C. § 158(a). The parties presented oral arguments and the matter is submitted.

### Proof of Claim

Bankruptcy Rule 3001(f) provides that a "proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Section 502(a) of Title 11 states that "[a] claim * * *, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest * * *, objects."

No one disputes that the above provisions mean that once a creditor properly files a proof of claim, the debtor must provide sufficient evidence to rebut the claimant's prima facie evidence of validity. Generally in bankruptcy, the claimant has the ultimate burden of proving the claim is valid and accurate. Because the IRS is the claimant in this case, the parties disagree about who has the ultimate burden of persuasion once the presumption is rebutted. In a non-bankruptcy tax case, the taxpayer has the ultimate burden of proof.

The bankruptcy court, in ruling on the objection to the IRS's claim, stated that "under Federal Rule 3001(f) of bankruptcy procedure and Section 502(a) of the bankruptcy code and controlling case law, it's clear in dealing with a tax claim, as this is, that the debtor bears the burden of proof, and it's by a preponderance of the evidence." Transcript (Tr.) at 78. This court reviews the bankruptcy court's legal conclusions *de novo*. *In re Miller*, 16 F.3d 240, 242–43 (8th Cir.1994).

The Fifth Circuit and many bankruptcy courts have held that the IRS bears the ultimate burden of proof as does every other claimant in bankruptcy. *See Matter of Placid Oil*, 988 F.2d 554, 557 (5th Cir.1993) (deductions); *see also In re Abel*, 162 B.R. 993, 999 (Bankr.E.D.Pa.1994) (responsible person liability under 26 U.S.C. § 6672); *In re Arndt*, 158 B.R. 863, 867 (Bankr.M.D.Fla. 1993) (unpaid FICA/FUTA taxes); *Matter of Elms*, 156 B.R. 519, 522–23 (Bankr.E.D.La.

1993) (§ 6672); *Matter of All American of Ashburn, Inc.,* 156 B.R. 696, 702 (Bankr. N.D.Ga.1993) (unpaid FICA/FUTA taxes); *In re Bourque,* 153 B.R. 87, 91–92 (Bankr. D.Mass 1993) (§ 6672); *Matter of Federated Dep't Stores, Inc.,* 135 B.R. 950, 957–58 (Bankr.S.D.Ohio 1992) (deductions); *In re Dakota Indus.,* 131 B.R. 437, 445 (Bankr. D.S.D.1991) (unpaid FICA/FUTA taxes); *In re Premo,* 116 B.R. 515, 524 (Bankr. E.D.Mich.1990) (§ 6672); *In re Brady,* 110 B.R. 16, 18 (Bankr.D.Nev.1990) (§ 6672). *But see In re Landbank Equity Corp.,* 973 F.2d 265, 270–71 (4th Cir.1992) (taxpayer has burden of proving claimed deductions are proper, just as in the non-bankruptcy context); *Matter of Cobb,* 135 B.R. 640, 641 (Bankr.D.Neb.1992); *In re Tripplett,* 115 B.R. 955, 965 n. 11 (Bankr.N.D.Ill.1990) (§ 6672).

In 1976, the Eighth Circuit stated without analysis that the trustee in that case had the burden to demonstrate the claimed deductions were proper. *See Matter of Uneco, Inc.,* 532 F.2d 1204, 1207 (8th Cir.1976). More recently, when bankruptcy and district court rulings placed the ultimate burden of proof on the IRS to prove claimed deductions were improper, the Eighth Circuit expressly declined to reach the burden of proof issue because the bankruptcy court had ruled that the government established its claim by convincing evidence. *See In re Gran,* 108 B.R. 668, 674 (Bankr.E.D.Ark.1989), *aff'd,* 131 B.R. 843 (E.D.Ark.1991), *aff'd,* 964 F.2d 822, 829 (8th Cir.1992).

In looking at the bankruptcy code and rules to determine who should bear the ultimate burden of proof when the IRS is the claimant, some courts have relied on the fact that nothing in the code or rules shows that the IRS is to be treated differently than other claimants; other courts have argued that nothing in the code or rules changes the rule in tax cases that the taxpayer bears the ultimate burden. This court believes that when the taxes and penalties have not been assessed, as here, the better rule is that the IRS bears the ultimate burden of proof as to the legal liability of the debtors and the amount of the liability. *See In re Rasbury,* 141 B.R. 752, 758–59 (N.D.Ala.1992) (unpaid employee withholding taxes); *United States v. Kontaratos,* 36 B.R. 928, 931 (D.Me.1984) (§ 6672).

The bankruptcy court stated that it was left with the impression that the debtors were hoping to sustain their burden of proof by what I believe would amount to almost a negative inference. I have the IRS proof of claim in front of me. It's presumed valid.

The exhibits offered by the debtors, their tax returns, most of which have been filed only recently, do not amount to evidence that would carry the day for the debtors.

Tr. at 78. Although the debtors' evidence may not constitute a preponderance of the evidence in their favor, it may be sufficient to rebut the prima facie validity of the IRS's claim. Therefore, this court will reverse the bankruptcy court's overruling of debtors' objection to the claim and remand to the bankruptcy court for further proceedings to determine whether debtors' evidence is sufficient to rebut the IRS's prima facie case, and if so, to give the IRS an opportunity to prove its claim by a preponderance of the evidence. Due to the remand, the court will also vacate the bankruptcy court's dismissal of the debtors' case. If the bankruptcy court again allows the IRS's claim, it may, of course, again dismiss.

The court does not reach debtors' other arguments.

### Decision and Order

The bankruptcy court's order overruling debtors' objection to the IRS's proof of claim is REVERSED and the order dismissing the case is VACATED. IT IS ORDERED that this case be REMANDED to the bankruptcy court for further proceedings consistent with this opinion.