**In re Donald P. TAYLOR, Debtor.**

**Donald P. TAYLOR, Plaintiff,**

**v.**

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 86–03503–W.
Adv. No. 90–0278–C.**

United States Bankruptcy Court, N.D. Oklahoma.

May 5, 1992.

E. John Eagleton, Tulsa, Okl., for plaintiff.

James L. Long, Dept. of Justice, Tax Div., Washington, D.C., for defendant.

Katherine Vance, Tulsa, Okl., Asst. U.S. Trustee.

MEMORANDUM OPINION

STEPHEN J. COVEY, Chief Judge.

This matter comes on to be heard upon the adversary proceeding filed by Donald P. Taylor, ("Debtor"), asking for the following relief.

1. Determination of tax liability owing to the United States of America, Internal Revenue Service ("Defendant") pursuant to Section 505 of the Bankruptcy Code.

2. Determination of dischargeability of taxes found due and owing pursuant to § 523 of the Bankruptcy Code.

3. Voiding of tax liens filed by Defendant against Debtor for taxes found not due and owing pursuant to § 105 of the Bankruptcy Code.

4. Refund of any amounts paid by Debtor to Defendant for taxes found not due and owing pursuant to § 105 of the Bankruptcy Code.

In response to this Complaint, the Defendant filed an Answer denying this Court had jurisdiction to grant the requested relief and generally denying the allegations of the Complaint.

This Court conducted an evidentiary hearing and having now considered the testimony of the witnesses, the documentary evidence and arguments of counsel finds as follows.

### Jurisdictional Issue

11 U.S.C. § 505 states in part as follows

(a)(1) ... the court may determine the amount or legality of any tax, ...

11 U.S.C. § 105 states as follows:

(a) The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title....

28 U.S.C. § 1334 states in part as follows:

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

18 U.S.C. § 157 provides in part as follows:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, any may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—

(B) allowance or disallowance of claims

.      .      .      .      .

(I) determinations as to the dischargeability of particular debts;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

Pursuant to these statutes, this Court rules it has jurisdiction to hear and determine the issues raised by the parties and that this is a core proceeding.

### Statement of Facts

Delta Cattle Corporation ("Delta Cattle") was an Oklahoma corporation formed in 1981. The Debtor, along with his brother, Oscar E. Taylor, were incorporators. The business of Delta Cattle was to breed, raise, and market cattle on behalf of numerous investors located throughout the country. Delta Cattle's business office was in Tulsa, Oklahoma but the ranches were located in Eastern Oklahoma some fifty to one hundred miles away.

Delta Cattle filed for Chapter 11 bankruptcy relief on March 15, 1984. At the time of filing bankruptcy, Delta Cattle was indebted to the Defendant for failure to pay social security, unemployment and em-

ployee income taxes (withheld taxes) in the amount of $117,162.26. These tax liabilities were incurred by Delta Cattle during the quarters ending December 31, 1981, December 31, 1982, June 30, 1983 and March 31, 1984.

The Defendant assessed these taxes against the Debtor on March 18, 1985, pursuant to 26 U.S.C. § 6672(a) contending that the Debtor was a responsible party of Delta Cattle who had failed to collect, truthfully account for or pay over the withheld taxes.

On March 31, 1986, the Defendant filed a Notice of Federal Tax Lien with the Tulsa County Clerk and refiled said notice on August 13, 1987. The Debtor filed his Chapter 7 bankruptcy petition on December 16, 1986. On September 24, 1990, the Debtor filed the present adversary complaint.

During the periods in question, the Debtor was an officer of Delta Cattle (vice president) and served on the Board of Directors (no Board meetings were ever held). He owned no stock in the company but was an authorized signatory on five checking accounts, had authority to borrow funds on behalf of Delta Cattle (which authority was never used), and participated in the hiring and firing of employees. He received a salary of approximately $63,500.00 per year.

The Debtor's principal responsibility was to work on the ranches supervising the breeding, raising and marketing of the cattle. He was Delta Cattle's "cowboy." The Debtor spent very little time in the Tulsa office and signed checks or engaged in financial administration only on the direction of Oscar E. Taylor. It was not his duty within the corporate structure to prepare the payroll, to see that the taxes were properly withheld, to file quarterly returns, or make quarterly deposits.

Oscar E. Taylor was the "boss" of Delta Cattle. He made all business decisions and he hired the Debtor and determined his salary. He was president and sole stockholder of the company and was described by all the witnesses as the "boss." He determined what checks were to be written and what bills were to be paid. Delta Cattle was in constant financial difficulty and it was Oscar E. Taylor who dealt with the creditors. He also spent most of his time out of the Tulsa office raising funds from new investors. He did, however, control the management of the business by telephone and would call the office ten to twenty times a day.

### Arguments and Analysis

■ 26 U.S.C. §§ 3102(a) and 3402(a) require an employer such as Delta Cattle to deduct and withhold social security, unemployment and income taxes from wages paid its employees. 26 U.S.C. § 7501 requires the amount deducted and withheld to be placed in a special trust fund for the United States, which is not to be used for any other purpose but to pay these taxes. 26 U.S.C. § 6672(a) places a separate penalty upon corporate employees who are "responsible" for actually withholding and paying over the trust fund taxes, and who "willfully" fail to ensure the corporate employer complies. This penalty is separate from the corporate employer's liability for these employment taxes.

The full text of 26 U.S.C. § 6672 is as follows:

(a) Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or who willfully attempts in any manner to evade or defeat such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

In alleging the Debtor was a "responsible person" who "willfully" failed to pay over the trust fund taxes, the Defendant's definition of "responsible person" is over inclusive. Although the Debtor had some "badges" of responsibility, the actual responsibility for all financial decisions including the payment of wages and the withholding of taxes was vested in Oscar E. Taylor. The Debtor's *duties* within the corporate structure did not include busi-

ness management or the responsibility in regard to payroll or the withholding of taxes.

A similar case is *Henry M. Walls v. United States of America*, 90–1 USTC ¶ 50,266 (E.D.Cal.1990). Walls was the president of a radio station. He was responsible for supervising and directing day-to-day station operations, but had no authority to expend an amount in excess of $10,000.00. He had no control over the payment of checks and was not even a checking account signatory during the tax quarters in issue. Walls did not have authority to determine what creditors would be paid or when. Although he had the title of president, the district court concluded the holding of such an office did not "per se impose liability upon him." *Walls v. USA*, 90–1 USTC ¶ 50,266, citing *Turner v. U.S.*, 423 F.2d 448, 449 (9th Cir.1970); *Dudley v. United States*, 428 F.2d 1196, 1201 (9th Cir.1970). The court found Walls was not a responsible person within the meaning of 26 U.S.C. § 6672. He may have been in control of the stations' operations, but other persons were responsible for and controlled the payment of checks.

In *In re Brady*, 110 B.R. 16 (Bankr. D.Nev.1990), the corporate vice president and fifty percent owner, Brady, was not liable as a responsible person. He had the duty to organize and conduct sales at road shows. He did not control payments to creditors and was often out of the office for extended periods. The president of the corporation was a former CPA and managed the financial and administrative functions. Brady, however, was a signatory on the checking accounts. Consistent testimony showed the president cleared all checks verbally or in writing. The court concluded Brady was not a responsible person under 26 U.S.C. §§ 6671 and 6672, because he did not have the corporate duty within the corporation to ensure payroll taxes were paid during the tax quarters in question. Making the payments had been the duty of the president.

"A corporate assignment of different duties to different people is appropriate and usually necessary. Corporate titles are typically given to signify this division of duties. The title of treasurer may be sufficient by itself to presume that a party is a responsible person. However, the title of vice president is a much more flexible title that often signifies duties completely removed from finance and operations." *In re Brady*, 110 B.R. 16 (Bankr.D.Nev.1990), citing *Bauer v. United States*, 543 F.2d 142, 149, 211 Ct.Cl. 276 (1976).

■ This Court reads 26 U.S.C. § 6672(a) to mean, only persons actually responsible within the corporation for the payment of payroll taxes, are subject to the penalty. In this case, Oscar E. Taylor was the corporate officer who had this responsibility within Delta Cattle, not the Debtor.

■ The IRS contends because the Debtor had badges of authority (Board of Directors, vice president, signatory authority on bank accounts), these are enough to make him a responsible party and liable for the unpaid withheld taxes of Delta Cattle. This Court disagrees with this construction of 26 U.S.C. § 6672. A responsible person under this section of the Internal Revenue Code is the person who within the corporate structure has the job to see that the withheld taxes are paid. It is not a question of what title is involved but who actually has the responsibility to see that the taxes are paid. In the present case, the Debtor had badges of authority but this does not make him a responsible party as his duties within the corporation were to be the "cowboy" on the ranch engaged in the breeding, raising and marketing of cattle.

■ The Debtor also requests a refund of $10,000.00, allegedly paid to the Defendant post-petition, which the Defendant applied to his alleged liability for Delta Cattle's withheld taxes. The Defendant's Answer denied this allegation and asserted this Court has no jurisdiction to hear a claim for a refund or turnover because 26 U.S.C. § 7422 does not allow a suit to be brought in any court prior to filing a claim for refund. This Court agrees with the position of the Defendant and denies the Debtor's request for refund since the Debtor has filed no claim with Defendant for said refund. Finally, since the Debtor does

not owe the Defendant any money, the Debtor's tax liens are held to be null and void. A separate order consistent with this Memorandum Opinion will be entered.