**Donna ERICKSON, Plaintiff–Appellee,**

v.

**PIERCE COUNTY; John Ladenburg, Defendants–Appellants.**

**Donna ERICKSON, Plaintiff–Appellant,**

v.

**PIERCE COUNTY; John Ladenburg, Defendants–Appellees.**

Nos. 90–35212, 90–35228.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 1992.

Decided March 27, 1992.

As Amended on Motion for Clarification May 6, 1992.

Paul Lindenmuth, Law Offices of Neil J. Hoff, Tacoma, Wash., for plaintiff-appellee-appellant.

F. Ross Burgess, Burgess, Kennedy & Fitzer, Tacoma, Wash., for defendants-appellants-appellees.

Before: HUG, NOONAN, and THOMPSON, Circuit Judges.

HUG, Circuit Judge:

Erickson brought this action against Pierce County and her supervisor, Ladenburg, alleging a claim for wrongful termination of her employment. The action was brought under 42 U.S.C. § 1983. Erickson claims a violation of her constitutional rights under the First Amendment, asserting that her discharge was because of her political support for her former supervisor, whom Ladenburg had defeated in the election. She also claims that she was deprived of a liberty interest without due process because of damage to her reputa-

tion. The district court dismissed the due process claim on summary judgment, but permitted the First Amendment claim to go to the jury. Pierce County and Ladenburg appeal the judgment on the jury's $75,000 verdict and the award of $110,000 in attorney fees. Erickson cross-appeals the summary judgment on her due process claim. We affirm the district court's summary judgment on the due process claim but reverse the judgment on the First Amendment claim. The district court jurisdiction is based on 28 U.S.C. § 1343. Our appellate jurisdiction is based on 28 U.S.C. § 1291.

The issues on appeal are (1) whether the jury verdict in favor of Erickson was supported by substantial evidence, and (2) whether the district court erred by dismissing Erickson's due process claim.

## I.

Donna Erickson was employed in the office of the Pierce County Prosecutor for approximately seven years. She began as a records coordinator in June 1980, during the administration of Don Herron, but advanced to the position of administrative assistant in February 1981. She served in that capacity throughout the term of William Griffies, Herron's successor. During the time Erickson worked as Griffies's administrative assistant, she maintained a personal relationship with him.

In 1986, Griffies ran for reelection against Ladenburg, and Erickson actively supported him during that campaign. Ladenburg, however, defeated Griffies in the election. When Ladenburg took office in January 1987, Erickson was still employed at the prosecutor's office. However, Griffies had moved Erickson to a position in the family support unit to provide her with more job security once Ladenburg took office. Griffies sought to ensure that Erickson would have continued employment with Pierce County when his tenure expired. At the time of the move, Ms. Erickson was earning a $37,000 salary, which she retained after she changed jobs.

The transition from Griffies's administration to Ladenburg's was very difficult.

Griffies refused to participate in efforts to coordinate the transition, and Ladenburg had to take office with no knowledge of day-to-day operations. To ease the transition, Ladenburg asked Erickson to help with the functions she had performed while working for Griffies. These services included signing on new employees, ordering supplies, assisting with payroll, and providing Ladenburg with employee lists and budget information.

According to Ladenburg, Erickson repeatedly failed to complete the tasks assigned to her and was openly critical of him in front of other employees. Ladenburg also testified that Erickson had removed and kept files from the administrator's office without informing anyone that she had done so, had transferred the administrator's phone number to the office she used for her new job, and had taken and retained the checks and records from an account used by the prosecutor. In addition, Ladenburg received reports from other employees that Erickson was uncooperative and hostile towards the changes he was trying to implement.

In a letter dated March 6, 1987, Ladenburg terminated Erickson's employment. In the termination letter, Ladenburg cited the following reasons for his action:

1. Since January you have displayed a poor attitude toward supervision by staff and have not fully cooperated in transition matters.

2. Transition work was hindered by your failure to properly list and register new employees.

3. Items such as extra hire lists and employee wage lists were not provided as requested or were incomplete.

4. The administrative offices had essential files and documents removed.

5. The phones for the administration offices were transferred, creating location problems.

6. You transferred to a position with lower responsibilities and yet kept your salary at a high level that is unjustified for that position.

7. Your past position as administrative assistant and your relationship with employees causes continuing morale problems.

Erickson disputes the reasons cited by Ladenburg. She contends that her employment was terminated solely because she had supported Griffies during the 1986 election.

Erickson filed suit against Pierce County and Ladenburg in November 1987, asserting many claims, including violations of her First and Fourteenth Amendment rights. Prior to trial, all claims except the First Amendment claim were dismissed. Trial began on March 14, 1989. At the close of Erickson's case, Pierce County moved for dismissal. That motion was denied. Pierce County renewed the motion after all parties had rested, but the second motion was also denied. The jury returned a verdict in favor of Erickson and awarded her $25,000 in damages. After the verdict was entered, Pierce County moved for judgment notwithstanding the verdict, and Erickson moved for a new trial on the issue of damages. The court denied Pierce County's motion, but granted Erickson's. The new trial on the issue of damages occurred on January 2 and 5, 1990, and the jury returned a verdict in favor of Erickson for $75,000. This appeal ensued.

## II.

■ Pierce County claims that the evidence presented at trial was insufficient to support a verdict in Erickson's favor. Challenges to the sufficiency of evidence, and the denial of a motion for judgment notwithstanding the verdict, are reviewed de novo to determine if the plaintiff's claims were supported by substantial evidence. *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1013–14 (9th Cir.1985), *cert. denied*, 474 U.S. 1059, 106 S.Ct. 802, 88 L.Ed.2d 778 (1986). It is error to deny a judgment notwithstanding the verdict when it is clear that the evidence and its inferences cannot reasonably support a judgment in favor of the opposing party. *Transgo*, 768 F.2d at 1014; *accord Peterson v. Kennedy*, 771

F.2d 1244, 1256 (9th Cir.1985) (directed verdict is "inappropriate if there is substantial evidence to support a verdict for the non-moving party"), *cert. denied*, 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986).

■ Terminations that allegedly violate the First and Fourteenth Amendments are subjected to a three-part test to determine whether constitutional rights have been violated. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977); *Gillette v. Delmore*, 886 F.2d 1194, 1197 (9th Cir. 1989). First, the terminated employee must establish that the conduct at issue was entitled to constitutional protection. Second, the employee must prove that the constitutionally protected conduct was a substantial or motivating factor behind the termination. Third, once the terminated employee has established the first two elements, the employer must prove that it would have made the same decision to terminate even if the employee had not engaged in the protected conduct. *Mt. Healthy*, 429 U.S. at 287, 97 S.Ct. at 576; *Gillette*, 886 F.2d at 1197. Although we find the first element of this test satisfied in the instant case, the second clearly was not. Consequently, we need not consider whether Ladenburg carried his burden of proving that he would have terminated Erickson even if she had not supported Griffies during the election.

■ Political association, by itself, is an insufficient reason to dismiss a public employee. *Elrod v. Burns*, 427 U.S. 347, 359, 96 S.Ct. 2673, 2687, 49 L.Ed.2d 547 (1976); *Branti v. Finkel*, 445 U.S. 507, 515, 100 S.Ct. 1287, 1293, 63 L.Ed.2d 574 (1980). Many Ninth Circuit cases have similarly recognized the impropriety of dismissing an employee for engaging in political conduct that is protected by the First and Fourteenth Amendments. *See Gillette*, 886 F.2d at 1197; *Thomas v. Carpenter*, 881 F.2d 828, 830 (9th Cir.1989), *cert. denied*, 494 U.S. 1028, 110 S.Ct. 1475, 108 L.Ed.2d 612, —— U.S. ——, 110 S.Ct. 3236, 111 L.Ed.2d 747 (1990). Since Erickson's right to support Griffies during the 1986 campaign unquestionably is deserving of

constitutional protection, the first element of the *Mt. Healthy* test was satisfied.

■ The second element of the *Mt. Healthy* test requires that Erickson prove that her political support for Griffies was a substantial or motivating factor behind Ladenburg's decision to terminate her. In an attempt to carry this burden, Erickson offered nine circumstantial reasons supporting her claim that she was terminated solely for her political beliefs. Erickson's evidence consisted of the following nine disputed facts:

1. Erickson was romantically involved with Griffies, and Ladenburg was aware of their relationship.
2. The Pierce County Sheriff made a negative appraisal of Erickson at a political meeting with Ladenburg, which Erickson claims suggests political motives for her termination.
3. The transition between Griffies and Ladenburg was not friendly.
4. Ladenburg terminated Erickson's employment shortly after Ladenburg hired his own administrative assistant.
5. Erickson never received a warning prior to her termination.
6. Ladenburg did not approve of Griffies's decision to have a romantic relationship with an employee.
7. Ladenburg was insensitive to employees' rights to disagree with his plans and policies for the prosecutor's office.
8. Ladenburg believed the problems between Erickson and him were a by-product of the emotionalism of the election.
9. Ladenburg terminated Erickson's employment without advance notice.

It is well established that a plaintiff need not prove allegations with direct evidence and that circumstantial evidence can be sufficient. *U.S. Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 716–17, 103 S.Ct. 1478, 1482–83, 75 L.Ed.2d 403 (1983). Nonetheless, all of the above evidence merely suggests that Erickson was a Griffies supporter who was terminated, not that she was terminated because she was a Griffies supporter.

When asked why she believed she was discharged from the prosecutor's office, Erickson replied as follows:

The reason I feel I was discharged because I supported Mr. Griffies is the fact that I was discharged. I was given a list of reasons why I was being discharged. I didn't have an opportunity to meet and discuss those reasons. I was being discharged. So to me—excuse me, so to my belief I was only being discharged because of politically supporting Mr. Griffies.

A thorough reading of the trial transcript reveals no additional evidence of Ladenburg's motives other than that cited by the parties above. The evidence simply does not support Erickson's claim that her political support for Griffies during the election was a substantial or motivating factor in Ladenburg's decision to terminate her. We hold that Erickson failed to satisfy the second element of the *Mt. Healthy* test and that the district court erred by not granting Pierce County's motion for judgment notwithstanding the verdict. Consequently, we need not consider whether Ladenburg has satisfied the third element of the *Mt. Healthy* test.

## III.

■ Erickson claims that the district court erred by dismissing her due process claim prior to trial. A grant of summary judgment is reviewed de novo. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 629 (9th Cir.1987); *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied,* 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). The appellate court's review is governed by the same standard used by the trial court under Fed.R.Civ.P. 56(c). *Darring v. Kincheloe,* 783 F.2d 874, 876 (9th Cir.1986). The court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive

law. *Tzung v. State Farm Fire and Casualty Co.*, 873 F.2d 1338, 1339–40 (9th Cir. 1989).

 Erickson claims that Ladenburg deprived her of a liberty interest without due process. Essentially, Erickson argues that when Ladenburg said it was improper for her to retain a high salary after transferring to the family support department, she suffered injury to her reputation because Ladenburg's statement implied that she was dishonest. She contends she was prevented from securing other employment with Pierce County. The district court was correct in finding no violation of a liberty interest. The remark concerning being overpaid does not rise to the level of violating a liberty interest.

In light of the Ninth Circuit and Supreme Court case law on point, it is clear that the district court did not err in dismissing Erickson's due process claim. *Roth v. Veteran's Admin.*, 856 F.2d 1401, 1411 (9th Cir. 1988) (employer who implied that employee could not get along well with others and would make a poor manager did not violate employee's liberty interest because statements did not foreclose employee's ability to practice his profession); *Stretten v. Wadsworth Veterans Hospital*, 537 F.2d 361, 366 (9th Cir.1976) (no due process violation when employer charged employee with incompetence and claimed employee could not get along with others since these charges would not prevent the employee from practicing medicine). Since Erickson was free to continue in her career elsewhere as an administrative secretary, and since she was not stigmatized to the point where she could not find work, the district court properly dismissed her due process claim.

WE REMAND FOR ENTRY OF JUDGMENT IN FAVOR OF PIERCE COUNTY AND LADENBURG. REVERSED IN PART; AFFIRMED IN PART.