28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John BURGESS, Plaintiff-Appellant,
Linda M. Burgess, husband and wife Plaintiff-Appellant,
v.
PIERCE COUNTY, a municipal entity operating and existing
under the laws of the State of Washington,
Defendant-Appellee,
Pierce County Executive, and as part of the marital
community with Jane Doe Stortini, Defendant-Appellee.
 No. 92-36744.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 1, 1994.
Decided June 13, 1994.
 
 Before: GOODWIN, SCHROEDER, and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Burgess appeals the district court's judgment in favor of Pierce County and County Executive Joseph Stortini in Burgess' 42 U.S.C. Sec. 1983 action alleging wrongful termination in violation of the First Amendment. We AFFIRM because the facts as found by the district court are not clearly erroneous and those facts do not rise to a constitutional violation.
 
 
 3
 The district court found the following facts:
 
 
 4
 . It was apparent to county officials after the February 18, 1987 meeting that Burgess was "not interested in enforcing Ordinance 86-108." District Court Op. at 8.
 
 
 5
 . Burgess' tenure was in question after the February 18, 1987 meeting, if not as a result of the December 3, 1986 meeting. Following the February 18 meeting, the county executive's office conducted a thorough evaluation of Burgess' overall performance, including a review of his 1985-87 work evaluations. The district court stated that there were "many valid reasons that existed for the [termination] decision made by the County Executive." Id. at 16.
 
 
 6
 . A serious communications problem and "noticeable tension" existed between Burgess' fire marshal's office and the county fire chiefs. Id. at 10-11.
 
 
 7
 . A poor level of trust and lack of communication existed between Burgess and the county sheriff's department. Id. at 13-14.
 
 
 8
 . While many counties encountered difficulties interacting with the state fire marshal's office, "the specific relationship between that office and the Pierce County Fire Marshal's Office was more strained because of Mr. Burgess' style and methods of communication." Id. at 14.
 
 
 9
 . Testimony on Burgess' interpersonal communication skills shows that he was "direct, firm, and inflexible at times," and lacked the " 'give and take' communication skills to be a good manager." Id. at 15.
 
 
 10
 The district court analyzed these facts under the correct three-part balancing test articulated in Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274 (1977); see also Erickson v. Pierce County, 960 F.2d 801, 804 (9th Cir.1992); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1038 (9th Cir.1990).[1] As an initial matter, the court found that Burgess' speech in the area of fire flow and road standards was protected by the First Amendment. District Court Op. at 15. However, the district court found no constitutional violation because Burgess had failed to show by a preponderance of the evidence that his protected speech was a "substantial" or "motivating" factor in the termination decision: "[I]t was not what Burgess said that resulted in his termination, but rather how he said it and his lack of interpersonal skills that caused him substantial problems" with the county fire chiefs, sheriff's department, and state fire marshal. Id. at 19. Alternatively, the district court found "that the County would have terminated Burgess in any event for poor performance" in communicating with the various fire and law enforcement officials. Id. at 20. The district court's findings were not clearly erroneous.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We reject Burgess' argument that the district court applied the wrong legal standard when it used the Mt. Healthy balancing test instead of the "mixed-motive" analysis in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). Burgess fundamentally misunderstands the Supreme Court's opinion in Price Waterhouse and its relationship to the Mt. Healthy decision. First, Price Waterhouse involved a statutory claim under Title VII, which prohibits discrimination on the basis of race, color, religion, sex, or national origin, 42 U.S.C. Sec. 2000e-2, not a wrongful termination claim under 42 U.S.C. Sec. 1983 for violation of a constitutional right. We have consistently applied the Mt. Healthy test in all Sec. 1983 cases involving alleged violations of an employee's First Amendment rights. See, e.g., Erickson, 960 F.2d at 804; Sanchez, 936 F.2d 1038; Gillette v. Delmore, 886 F.2d 1194, 1198 (9th Cir.1989); Thomas v. Douglas, 877 F.2d 1428, 1431 (9th Cir.1989)
 Second, the Mt. Healthy and Price Waterhouse "mixed-motive" tests are essentially the same--the plaintiff must demonstrate that a protected characteristic played a motivating part in the employment decision before the burden shifts to the employer to show that the same action would have been taken even in the absence of the illegitimate motive. Compare Mt. Healthy, 429 U.S. at 287; Thomas, 877 F.2d at 1433 with Price Waterhouse, 490 U.S. at 244, 247 n. 12; Washington v. Garrett, 10 F.3d 1421, 1432 n. 15 (9th Cir.1994) (citing Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1110 (9th Cir.1991)). This similarity is unremarkable--in Price Waterhouse, the Court determined that Mt. Healthy 's First Amendment test constituted the appropriate test for determining "mixed-motive" cases in the Title VII context. Price Waterhouse, 490 U.S. at 248-50.