26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Zvonko PAVELIC, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES, Defendant-Appellee.
 No. 93-55154.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1994.*
Decided June 14, 1994.
 
 Before: D.W. NELSON, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In opposing the city's motion for summary judgment, Pavelic failed to comply with Fed.R.Civ.P. 56(c). Instead of submitting affidavits, depositions or answers to interrogatories, and specifying the material facts at issue, Pavelic merely attached a "verification" to argumentative documents. This practice is clearly prohibited. See Cent.Dist. of Cal.R. 7.14.3; Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1545 (9th Cir.1988). Forcing judges and opposing parties to sift through a confusing jumble of fact and argument places an intolerable burden on the judicial system. Courts are not obligated to consider evidence submitted in this manner.
 
 
 3
 While this alone would support affirmance of the district court's judgment, we have reviewed the record de novo to avoid penalizing Pavelic unduly for his counsel's mistakes. The documents he submitted in opposition to the summary judgment motion, however, fail to set forth "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986).
 
 
 4
 Pavelic's first claim seeks relief under 42 U.S.C. Sec. 1981; it alleges a pattern of ongoing racial discrimination and harassment. Workplace harassment is actionable under section 1981 only if it occurred after November 21, 1991. See Rivers v. Roadway Express, Inc., 114 S.Ct. 1510, 1519-20 (1994). Our review of the record doesn't reveal sufficient evidence of actionable conduct occurring after this date to withstand summary judgment.
 
 
 5
 Pavelic's second claim seeks relief under 42 U.S.C. Sec. 1983; it alleges the LAPD violated his First Amendment rights by retaliating against him for publicly criticizing department practices. Pavelic presents minimal evidence of retaliatory action by the city. His strongest claim relates to his transfer to a desk job on July 14, 1991. See Opp'n to Def.'s Statement of Uncontroverted Facts/Law, Ex. 32, at 6. However, Pavelic fails to rebut uncontroverted evidence indicating that the job transfer was considered neither a poor assignment nor a punishment within his division, and that it occurred at his own request. See Decl. of Lt. Alan Kerstein in Supp. of City of Los Angeles' Mot. for Summ. J., at 9. The other minor incidents of alleged retaliation are insufficient to create a genuine issue of material fact.
 
 
 6
 Even if there were adequate evidence of retaliation, we would still affirm the district court's ruling because Pavelic failed to demonstrate a causal link between his speech and any action by the city. To demonstrate causation in this context, Pavelic must show that the exercise of his First Amendment rights was a "substantial factor" motivating the LAPD's alleged response. Mt. Healthy City Sch. Dist. Bd. v. Doyle, 429 U.S. 274, 287 (1977). Showing that adverse action followed shortly after an exercise of protected rights does not satisfy this burden. See Erickson v. Pierce County, 960 F.2d 801, 805 (9th Cir.1992). Pavelic failed to set forth specific facts demonstrating a genuine issue for trial on his section 1983 claim.
 
 
 7
 After dismissing Pavelic's two federal claims, the district court declined to exercise pendent jurisdiction over his state law claim. We find no error in this decision.
 
 
 8
 Finally, we award the city $2,500.00 in damages under Fed.R.App.P. 38, after concluding that Pavelic's appeal is frivolous. The damages shall be borne jointly by Pavelic and his lawyer, Michael Weiss. We deny the city's request for attorney's fees under 42 U.S.C. Sec. 1988.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3