34 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger E. ANDERSON, Plaintiff-Appellant,
v.
LEWIS & CLARK COUNTY; State of Montana, acting by and
through the Lewis & Clark County Sheriff's Department;
Charles M. O'Reilly, in his official capacity as Sheriff and
individually; Robert C. Bourassa, in his official capacity
as Captain Detention Division and individually, Defendants-Appellees.
 No. 93-35454.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 4, 1994.*
Decided Aug. 26, 1994.
 
 1
 Before: KOZINSKI and FERNANDEZ, Circuit Judges, and REAL,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Roger Anderson appeals the district court's entry of summary judgment in favor of Lewis and Clark County, Montana, and other defendants on his claims under 42 U.S.C. Sec. 1983. Anderson claimed that he was deprived of a property interest in his continued public employment without due process of law and that he was terminated in violation of his First Amendment rights for speaking out about unsafe conditions at the new county jail. We affirm.
 
 
 4
 1. Anderson's claim that he was deprived of a property interest without due process must fail. All agree that he did have a property interest in his employment. Also, there is no claim that Anderson was denied a pre-termination opportunity to respond. At any rate, he was. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538-40, 105 S.Ct. 1487, 1491-92, 84 L.Ed.2d 494 (1985). The burden of his argument is that his collective bargaining agreement did not comport with post-termination due process. We disagree. It provided a three stage process which, at the employee's option, could then lead to arbitration. He was entitled to have informal discussions with his supervisor, an appeal to the Sheriff, and an appeal to the County Commissioners, who were to act within a certain time or be deemed to have denied the appeal. He could then proceed to arbitration. That sufficed. See Armstrong v. Meyers, 964 F.2d 948, 950 (9th Cir.1992) (per curiam); see also Hata v. United States, 23 F.3d 230, 233-34 (9th Cir.1994).
 
 
 5
 It is true that the result of the arbitration would be binding, but that does not violate due process. We have even said that where the union could refuse to press the arbitration altogether, due process was not violated. Armstrong, 964 F.2d at 950-51; see also Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983); cf. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 32 n. 4, 111 S.Ct. 1647, 1655 n. 4, 114 L.Ed.2d 26 (1991).
 
 
 6
 On appeal Anderson asserts, for the first time, that the fact that employer and employee must share the arbitration costs and expenses violates due process. But we will not, in general, hear issues raised on appeal for the first time. See United States v. Reyes, 8 F.3d 1379, 1390 (9th Cir.1993); Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985). It is true that we can consider purely legal issues not raised in the district court if we, in our discretion, choose to do so. But we think it can hardly be said that this issue is purely legal. At any rate, we do not choose to consider it.
 
 
 7
 2. Anderson's second claim is that his First Amendment rights were violated because he was discharged for speaking out on a jail safety issue. No doubt retaliation for speaking out on matters of public concern can violate the First Amendment. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84, 87 S.Ct. 568, 574, 50 L.Ed.2d 471 (1977); Erickson v. Pierce County, 960 F.2d 801, 804 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 815, 121 L.Ed.2d 867 (1992). Here, however, Anderson faced a summary judgment motion. He had to come forward with admissible evidence to support his retaliation claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550-51 (9th Cir.1990); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). He did not. He only presented rank speculation about the Sheriff's motives and those of the County Commissioners. That will not do.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Manuel L. Real, United States District Judge, United States District Court for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3