35 F.3d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clarence LARKINS, Plaintiff-Appellee,
v.
DELTA AIR LINES, INC., a Delaware Corporation, Defendant-Appellant.
Clarence LARKINS, Plaintiff-Appellant,
v.
DELTA AIR LINES, INC., a Delaware Corporation, Defendant-Appellee.
 Nos. 92-36980, 93-35158 and 92-37023.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1994.
Decided Sept. 15, 1994.
 
 1
 Before: TANG, FERGUSON, and WIGGINS, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 This diversity action arose when Delta Air Lines, Inc. terminated Clarence Larkins's employment. Larkins alleged that Delta acted in violation of the Oregon Handicapped Persons Civil Rights Act, O.R.S. 659.400 to .435. At trial, Larkins litigated two claims. First, Larkins alleged that Delta failed to reinstate an occupationally injured employee to suitable alternative work, in violation of O.R.S. 659.420. Second, Larkins alleged that Delta failed to accommodate a physical impairment, in violation of O.R.S. 659.425. A jury found in favor of Larkins on the second claim only. The district court awarded Larkins $65,000 in compensatory damages, $19,440 in front pay, and $28,487 in attorney's fees, but denied him reinstatement and punitive damages. Delta appeals from the district court's judgment and award of attorney's fees. Larkins cross-appeals from the district court's denial of reinstatement and punitive damages. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 4
 Larkins suffered an on-the-job groin injury while working as a ramp agent at the Portland airport. This injury left Larkins unable to do his job. After an eleven-month disability leave, Larkins asked to be assigned to a new job. Delta eventually offered Larkins a non-typing clerical position. Larkins alleges that the personnel manager told him that the job was a "dead end" position. The personnel manager denies making this comment. Larkins accepted, but later rejected the job. Delta terminated Larkins's employment.
 
 
 5
 Larkins then filed this action, alleging that Delta terminated his employment in violation of the Oregon Handicapped Persons Civil Rights Law: (1) failure to reinstate an occupationally injured employee to suitable alternative work, in violation of O.R.S. 659.420; and (2) failure to accommodate a physical impairment, in violation of O.R.S. 659.425. Larkins's two claims were then tried before a jury. At trial, Larkins argued that Delta should have offered him a position other than the clerical position he rejected. Specifically, Larkins asserted that Delta should have offered him one of four other positions. Larkins further asserted that, to the extent he lacked the skills necessary to perform those other jobs, Delta should have upgraded Larkins's skills with training until they were sufficient to meet the minimum requirements of the other positions. Larkins admitted that he had declined to take any of the typing classes or training courses that Delta offered him. He also conceded that he was not aware of any jobs in Portland or elsewhere (a) that were consistent with his physical limitations, (b) that did not require typing skills, and (c) that he was interested in holding. Accordingly, Delta moved for judgment as a matter of law at the close of Larkins's case, and then again at the conclusion of the evidence. Fed.R.Civ.P. 50(b). The district court denied both motions.
 
 
 6
 Delta then asked the court to instruct the jury that Delta's obligation to accommodate Larkins's physical limitations did not include an obligation to accommodate Larkins's non-physical limitations. The court declined to include this language in the final jury instructions. Accordingly, Larkins argued in his closing argument that Delta should have upgraded Larkins's typing skills to the extent they were deficient. The jury found for Delta on the failure to reinstate an occupationally injured worker claim, but for Larkins on the failure to accommodate a physical impairment claim. The jury awarded Larkins $50,000 in economic damages, $15,000 in emotional distress damages, and $65,000 in punitive damages.
 
 
 7
 Delta moved for judgment notwithstanding the verdict or, alternatively, a new trial. Fed.R.Civ.P. 50(b), 59. The district court denied both motions, holding that a jury could reasonably have found that Delta should have given Larkins the training he needed. Delta then asked the district court to strike the punitive damages award, arguing that the award was not supported by the evidence. The district court did grant this motion.
 
 
 8
 Larkins moved for reinstatement or, alternatively, front pay. The district court denied reinstatement because there was no position into which Larkins could be reinstated because of his lack of qualification. The district court did, however, award Larkins front pay in the amount of $19,440. The district court then entered judgment in favor of Larkins in the amount of $84,440. Delta filed a timely notice of appeal from the judgment. Larkins then filed a timely notice of cross-appeal.
 
 
 9
 Next, Larkins filed an application for $28,487.50 in attorney's fees. Delta objected, arguing that Larkins should not be awarded attorney's fees for the time spent exclusively on claims upon which Larkins did not prevail. (Specifically, Delta asked the district court to exclude $7,167.) The district court nonetheless awarded the full amount requested by Larkins. Delta filed a notice of appeal from the order awarding attorney's fees. The Ninth Circuit then consolidated the two appeals.
 
 DISCUSSION
 
 10
 1. Was the jury's finding that Delta failed to accommodate Larkins's physical impairment inconsistent with its finding that Delta had not failed to reinstate Larkins to suitable alternative work, and should Delta have prevailed, as a matter of law, on the failure to accommodate a physical impairment claim?
 
 
 11
 In enacting the Handicapped Persons Civil Rights Act, the Oregon legislature established that where an employee is handicapped because of a job-related injury, an employer is obligated to accommodate the employee's impairment by offering him suitable alternative work. Delta points out that an employer's obligation to accommodate an occupationally injured employee is satisfied when the employer offers the employee a suitable position, if such a position exists. Blumhagen v. Clackamas County, 91 Or.App. 510, 514, 756 P.2d 650, 653 (1988). An employer is not obligated to offer a choice of suitable positions. O.A.R. 839-06-145(1); Blumhagen, 91 Or.App. at 514, 756 P.2d at 653 ("Neither is an employer obligated to offer a selection of equally suitable jobs...."). In addition, an employer is not obligated to offer the position which is most desirable to the employee. O.A.R. 839-06-245(3). Delta argues that it offered Larkins a suitable position that would have accommodated Larkins's job-related, physical impairment. The jury agreed and thus found that Delta had satisfied its obligation under O.R.S. 659.420.
 
 
 12
 Delta next argues that an offer of suitable alternative work necessarily also satisfies an employer's obligation under O.R.S. 659.425 to accommodate an employee's physical impairment generally. Indeed, Delta asserts, O.R.S. 659.420 imposes a greater burden on an employer than does O.R.S. 659.425. Therefore, Delta claims, the jury's two findings are inconsistent and, as a matter of law, Delta should have also prevailed on the failure to accommodate a physical impairment claim.
 
 
 13
 Larkins counters that just because the jury found for Delta on the failure to reinstate an occupationally injured worker to suitable alternative work claim does not mean it had to find for Delta on the failure to accommodate a physical impairment claim. Rather, Larkins asserts, O.R.S. 659.420 and O.R.S. 659.425 impose different obligations on an employer. Specifically, Larkins contends that O.R.S. 659.425 imposes an affirmative duty upon an employer to modify a position to accommodate an employee's physical impairment. Larkins argues that Delta did not fulfill its duty because, Larkins alleges, it did not modify a position to accommodate Larkins's physical impairment. Rather, Delta merely reassigned Larkins. Thus, Larkins concludes, the jury properly found for Larkins on the failure to accommodate a physical impairment claim.
 
 
 14
 We review de novo a denial of a motion for a judgment notwithstanding the verdict. Erickson v. Pierce County, 960 F.2d 801, 804 (9th Cir.), cert. denied, 113 S.Ct. 815 (1992). The two findings are not inconsistent. An examination of the record reveals that Delta did not modify any jobs in Portland to accommodate Larkins's physical disability. Nor did Delta provide any training to upgrade Larkins's skills. The jury's conclusion that Delta satisfied its burden under O.R.S. 659.420, but not its burden under O.R.S. 659.425, is, therefore, not unreasonable. Accordingly, we conclude that the district court did not err by denying Delta's motion for judgment notwithstanding the verdict. See Erickson, 960 F.2d at 804.
 
 
 15
 2. Should Delta have prevailed on the failure to accommodate a physical impairment claim because Larkins failed to introduce evidence at trial that, due to his handicap, Delta denied him an available position for which he was qualified?
 
 
 16
 Delta also contends that the evidence presented at trial was insufficient to support a finding for Larkins. Delta argues that to establish liability for handicap discrimination under O.R.S. 659.425, Larkins had to demonstrate the following. First, Larkins had to show that he applied for, or otherwise sought, a specific position. O.R.S. 659.425; O.A.R. 839-06-215; O.A.R. 839-06-225. Second, Larkins had to demonstrate that the position was vacant at the time he sought it. O.A.R. 839-06-140; O.A.R. 839-06-245(2)(c)(B); Blumhagen, 91 Or.App. at 514, 756 P.2d at 653; Knapp v. City of North Bend, 304 Or. 34, 42, 741 P.2d 505, 509 (1987). Third, Larkins had to establish that he was qualified to perform the position, based upon his existing skills, experience and training. O.A.R. 839-06-225(1)(a). Finally, Larkins had to show that he was nevertheless denied the position because of his physical disability. O.A.R. 839-06-215; O.A.R. 839-06-245. Delta asserts that Larkins did not establish even one of these four prerequisites. Accordingly, Delta claims, there is no evidentiary basis for liability.
 
 
 17
 We review de novo a challenge to the sufficiency of the evidence. Erickson, 960 F.2d at 804. We conclude that there was sufficient evidence presented at trial to support the finding for Larkins on the failure to accommodate a physical impairment claim. First, Larkins presented some evidence that suggests that he sought alternative positions through informal channels. Second, Larkins identified some available positions in which he was interested and for which he would be qualified if he received even minimal upgrades in his skills. Third, Larkins would have been qualified for some non-physical jobs if Delta provided even some training. Finally, the jury could have inferred that Larkins was denied the position because of his physical disability based on the fact that Delta declined to provide Larkins with the minimal training he needed to upgrade his skills.
 
 
 18
 3. Did the district court err by failing to instruct the jury that Delta was not obligated to accommodate Larkins's non-physical deficiencies?
 
 
 19
 Delta argues that it is, at the very least, entitled to a new trial because the district court improperly instructed the jury. Specifically, Delta alleges, the district court erred by failing to instruct the jury that Delta was not obligated to accommodate Larkins's non-physical deficiencies. Delta contends that the district court's refusal to instruct the jury on an issue important to its defense seriously prejudiced it. Accordingly, Delta concludes, because the error was not "more probably than not harmless," Delta is entitled to a new trial. Caballero v. City of Concord, 956 F.2d 204, 206 (9th Cir.1992).
 
 
 20
 Larkins contends that, viewed as a whole, the instructions were adequate and not misleading. We agree. Oviatt v. Pearce, 954 F.2d 1470, 1480 (9th Cir.1992). To the extent the district court may have erred by declining to give the requested jury instruction, it was more probably than not harmless. Caballero, 956 F.2d at 206.
 
 
 21
 4. Did the district court err by awarding Larkins attorney's fees for the services his attorney rendered on claims upon which Larkins did not prevail?
 
 
 22
 A prevailing plaintiff cannot recover attorney's fees for time and costs incurred on claims upon which he did not prevail. When a plaintiff prevails only on one claim in a multiple-claim case, and when the various claims asserted are based on different facts and legal theories, "work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved,' " and "no fee may be awarded for services on the unsuccessful claim." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983) (citation omitted). Accordingly, Delta argues that the district court erred by awarding Larkins attorney's fees for services rendered on claims unrelated to the claim upon which Larkins prevailed. (The claims to which Delta is referring are the three claims alleged in the complaint upon which Larkins failed to prevail.[1] Delta asserts that many of the factual and legal issues pertinent to the three claims were not related to the one successful claim. Therefore, Delta concludes, the district court erred as a matter of law.
 
 
 23
 Larkins counters that it may be awarded attorney's fees for services rendered on the three unsuccessful claims because they were related to the one successful claim. Hensley, 461 U.S. at 434-36. Larkins points out that claims for relief which "involve a common core of facts" or are "based on related legal theories" are related claims. Hensley, 461 U.S. at 435. Here, Larkins asserts, the two claims which were litigated involved closely related legal theories and common facts, such as the severity of Larkins's injury, Larkins's present abilities, the positions Larkins is qualified to perform and the positions offered to him by Delta. Larkins further asserts that, in fact, all four claims are related because they all went to the reason Larkins was terminated. Accordingly, apportionment was not appropriate.
 
 
 24
 We review attorney's fee awards for abuse of discretion. Hensley, 461 U.S. at 437; Oviatt, 954 F.2d at 1481. However, we review de novo "any elements of legal analysis and statutory interpretation which figure in the district court's decisions." Hall v. Bolger, 768 F.2d 1148, 1150 (9th Cir.1985). We conclude that the district court did not err by granting full attorney's fees. The fact that the four claims were interrelated is sufficient to justify the award.
 
 
 25
 5. Did the district court err by striking the jury's award of punitive damages?
 
 
 26
 Larkins contends that the district court erred by striking the punitive damages awarded him by the jury. Larkins argues that Delta's actions constituted wanton misconduct. State ex rel. Young v. Crookham, 290 Or. 61, 65, 618 P.2d 1268, 1270 (1980). Specifically, Larkins alleges that Delta refused to accommodate Larkins's physical impairment because it wanted to create an intolerable working environment for Larkins. Larkins suggests that Delta schemed to force out Larkins, thereby saving $25,000 to $40,000 in vocational rehabilitation costs.
 
 
 27
 The district court may strike a jury's award of punitive damages only if "there is no evidence to support a finding of malicious or wanton conduct." Crookham, 290 Or. at 65, 618 P.2d at 1270. Here, there is no evidence to support a finding of wanton misconduct by appellant. See Crookham, 290 Or. at 65, 618 P.2d at 1270. Thus, the district court did not err by striking the punitive damages award.
 
 
 28
 6. Did the district court err by declining to reinstate Larkins?
 
 
 29
 Oregon law specifically authorizes reinstatement as a remedy for claims brought under O.R.S. 659.425. See O.R.S. 659.121(1) & (2). Larkins argues that the district court abused its discretion by denying him reinstatement because it based its decision solely upon hostility between the parties.
 
 
 30
 We review the district court's decision not to order reinstatement for abuse of discretion. Cancellier v. Federated Dep't Stores, 672 F.2d 1312, 1319 (9th Cir.), cert. denied, 459 U.S. 859 (1982). Here, the district court did not base its decision solely upon hostility between the parties. Rather, the district court reasonably concluded that reinstatement was not feasible given Larkins's physical impairment and lack of qualification for non-physical jobs. See, e.g., Thorne v. City of El Segundo, 802 F.2d 1131, 1137 (9th Cir.1986). Thus, the district court's decision not to award reinstatement was within its sound discretion.
 
 
 31
 7. Did the district court err by awarding Larkins six months of front pay?
 
 
 32
 Although reinstatement is the preferred remedy in discriminatory discharge cases, it may not be feasible under certain circumstances. Thorne, 802 F.2d at 1137. When reinstatement is infeasible, the district court may award front pay. Cassino v. Reichhold Chemicals, Inc., 817 F.2d 1338, 1346-47 (9th Cir.1987), cert. denied, 484 U.S. 1047 (1988). Front pay is an award of damages that is designed to represent "an award of future lost earnings" that is "temporary in nature." To be entitled to an award of front pay, however, a plaintiff must make reasonable attempts at mitigation. Id.
 
 
 33
 Larkins contends that the district court erred by awarding him only six months of front pay. Specifically, Larkins asserts that the district court failed to consider the special circumstances facing him as a disabled, 41-year-old black man of limited skills who has worked in the same industry for fifteen years. Larkins insists that he was entitled to a longer period of front pay.
 
 
 34
 We review the district court's decision to award front pay in lieu of reinstatement for abuse of discretion. Cassino, 817 F.2d at 1346-47. Here, the district court did not abuse its discretion by awarding Larkins only six months of front pay. The relatively short period is appropriate given that front pay is supposed to be of temporary nature. Id. Furthermore, Larkins has already been given more than ample time to prepare himself for the job market.
 
 CONCLUSION
 
 35
 For the foregoing reasons, we affirm. The district court did not err by denying Delta's motion for judgment as a matter of law on the failure to accommodate a physical impairment claim. Nor did the district court err by failing to give the requested jury instruction. The district court properly awarded Larkins full attorney's fees, denied him reinstatement and awarded him only six months of front pay. Finally, the district court did not err by striking the jury's award of punitive damages.
 
 
 36
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The three claims Larkins lost were: (1) failure to reinstate an occupationally injured employee to suitable alternative work, in violation of O.R.S. 659.420; (2) retaliation for filing a worker's compensation claim, in violation of O.R.S. 659.410; and (3) discrimination because of race, in violation of O.R.S. 659.030