87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert T. HOLT, Plaintiff-Appellant,
v.
Barry MUNITZ; Chancellor of California State University;
Belenda Wilson, President, California State University,
Northridge; Carolyn Ellner; Leo Kryzwkowski; Arlinda
Eaton; Kayte Fearn; Cynthia Desrochers; George Barker;
Patricia Tsuruda; Alexi Brown; Mack Johnson, Defendants-Appellees.
 No. 94-56630.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert T. Holt, a former student at California State University at Northridge, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging a violation of his right of free speech and his guarantee of due process of law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and affirm.
 
 A. Free Speech Claim
 
 3
 We find no merit in Holt's contention that the district court erred by granting summary judgment for defendants on his claim that he was removed from his student-teaching assignment because he participated in a press conference in response to the beating of Rodney King.
 
 
 4
 Assuming that Holt submitted evidence which established that his participation in the Rodney King press conference was conduct entitled to constitutional protection and that this protected conduct was a motivating factor in defendant's decision to remove him from his student-teaching assignment, the defendants had to be given an opportunity to establish that they would have reached the same decision absent the constitutionally-protected conduct. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Erickson v. Pierce County, 960 F.2d 801, 804 (9th Cir.), cert. denied, 506 U.S. 1035 (1992).
 
 
 5
 Here, defendants submitted evidence that Holt failed to complete a final examination which was a prerequisite to commencing his student-teaching assignment. In light of this uncontroverted evidence, we conclude that the defendants established that they would have removed Holt from his student-teaching assignment despite any protected activity. Accordingly, we conclude that the district court did not err by granting summary judgment for defendants on Holt's free speech claim. See Mt. Healthy, 429 U.S. at 287.
 
 B. Due Process Claim
 
 6
 We find no merit in Holt's contention that the district court erred by granting summary judgment for defendants on his claim that he should have been provided a hearing before his fellowship payments were withheld.
 
 
 7
 "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 569 (1972). Property interests are "not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source" such as statutes. Roth, 408 U.S. at 577; see also Goss v. Lopez, 419 U.S. 565, 572 (1975).
 
 
 8
 Here, Holt received money as a graduate student in education under the Patricia Roberts Harris Fellowship ("PRHF"). After Holt had participated in the fellowship for two years without filing financial-aid forms, defendants realized that such forms were necessary and requested that Holt fill out the forms for the previous years. Holt contends that he refused to fill out and "backdate" such forms because he did not want to be the "fall guy" for defendants' failure to obtain the required proof of Holt's financial need. Holt did not, however, submit any evidence that he was asked to backdate financial aid forms. In light of Holt's continuing refusal to fill out the forms, defendants withheld the fellowship funds.
 
 
 9
 The purpose of the PRHF is to "provide ... a program of grants to assist in making available the benefits of a post-baccaulareate education to graduate ... students who demonstrate financial need." 20 U.S.C. § 1134d(a). In light of this statute, it was reasonable for the defendants to request that Holt fill out the financial-aid forms and it is unreasonable for Holt to contend that he had any property interest in the fellowship funds absent proof of financial need. Because Holt cannot establish that he had a property interest in receiving PRHF funds, he cannot establish that he was entitled to notice and a hearing under the due process clause. See Roth, 408 U.S. at 578.
 
 
 10
 Accordingly, the district court did not err by granting summary judgment for defendants on Holt's due process claim. See id.
 
 C. Remaining Claims and Pending Motions
 
 11
 We reject Holt's remaining contentions. With the exception of Holt's motion to file a late reply brief, we deny Holt's pending motions because they relate to issues which could have been, but were not, raised before the district court. See International Union of Bricklayers & Allied Craftsmen Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985). Finally, because the filing of a reply brief is optional, we deny Holt's motion to file a late reply brief. See Fed.R.App.P. 28(c); Fed.R.App.P. 31(a).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Holt's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3