124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julie O. HORN, Plaintiff-Appellant,
v.
COUNTY OF SAN DIEGO, Richard H. Cecelski, Defendants-Appellees.
 No. 96-55610.
 United States Court of Appeals, Ninth Circuit.
 Sept. 18, 1997.
 
 1
 Appeal from the United States District Court for the Southern District of California, No. CV-95-00415-EJS; Edward J. Schwartz, United States District Judge, Presiding.
 
 
 2
 Before PREGERSON, HAWKINS, Circuit Judges, and WEINER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Appellant Julie O. Horn brought this action against the County of San Diego and her former boss, Richard Cecelski, for transferring her from one position to another within the San Diego County District Attorney's office. Horn alleges that her transfer resulted from statements she made regarding a co-worker's sexual harassment complaint. The district court granted summary judgment in favor of the defendants on all of Horn's claims. We affirm.
 
 
 5
 Because the parties are familiar with the facts, we will not recite them here.
 
 I.
 
 6
 The district court properly granted summary judgment in favor of the County on Horn's free speech claims. To succeed in making such a claim, a public employee must establish that: (i) the conduct at issue was entitled to constitutional protection; and (ii) the constitutionally protected conduct was a substantial or motivating factor behind the employer's action. Erickson v. Pierce County, 960 F.2d 801, 804 (9th Cir.1992). Even if Horn's speech warrants constitutional protection, the evidence does not support the inference that her speech was a substantial or motivating factor in her transfer to the Municipal Court.
 
 
 7
 Horn points to the fact that only two weeks passed between her meeting with the EOMO investigator and her transfer. This fact, without more, is too ambiguous to support the inference that Horn's speech was a substantial or motivating factor in her transfer. Cf. Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316-17 (9th Cir.1989) (finding sufficient evidence to defeat summary judgment where temporal proximity was one of several facts indicating a causal link).
 
 
 8
 The remainder of Horn's evidence is not probative of the causal link between her speech and her transfer. It is only probative of the employee/employer relationship. See Erickson, 960 F.2d at 805 (rejecting evidence that concerned the employee/ employer relationship as sufficient to support the inference that an employee's conduct was a substantial or motivating factor in her termination).
 
 II.
 
 9
 Horn failed to create a genuine issue of material fact as to whether Cecelski interfered with her exercise of her constitutional right to freedom of speech by threats, intimidation, or coercion under California Civil Code §§ 52.1(a) and (b). She primarily relied on a memorandum that Cecelski distributed to his department at the end of the fiscal year. The memorandum is addressed to "TROOPS" and states "please turn [all fiscal reports] in tomorrow--or I'll kill you." The overall tone of the memorandum and the juxtaposition of "please" and "I'll kill you" belies any attempt to construe that statement as genuinely threatening or intimidating. Moreover, the memorandum was not addressed to Horn specifically and it preceded the alleged incident of sexual harassment.
 
 
 10
 Horn's evidence was insufficient to support the inference that Cecelski subjected her to the type of threats, coercion, or intimidation actionable under § 52.1. Boccato v. City of Hermosa Beach, 29 Cal.App. 4th 1797, 1809, 35 Cal.Rptr.2d 282, 290 (1994) (construing § 52.1 as protecting against violence or the threat of violence).
 
 III.
 
 11
 To establish a prima facie case of retaliation under California Government Code § 12940, Horn must show that: (i) she engaged in "protected activity;" (ii) the County subjected her to an "adverse employment action;" and (iii) there is a causal link between the protected activity and the County's action. Flait v. North Am. Watch Corp., 3 Cal.App. 4th 467, 476, 4 Cal.Rptr.2d 522, 528 (1992). Even if Horn engaged in protected activity, the district court properly granted summary judgment in the County's favor because the evidence did not show that the County subjected her to an adverse employment action.
 
 
 12
 Horn's transfer did not diminish her salary, benefits, or job title. Although Horn felt that the Municipal Court position was less "prestigious" than the Superior Court position and found it to be "humiliating," that merely indicates that Horn suffered a subjective loss of job satisfaction rather than an adverse employment action. See Nidds v. Schindler Elevator Corp., 113 F.3d 912, 915, 919 (9th Cir.1996) (declining to characterize an employee's subjective loss of job satisfaction as an adverse employment action); see also Strother v. Southern California Permanente Med. Group, 79 F.3d 859, 869 (9th Cir.1996) (concluding that "mere ostracism in the workplace is not enough to show an adverse employment decision").
 
 IV.
 
 13
 Neither the caption nor the body of Horn's EEOC complaint names Cecelski. Thus, Horn failed to exhaust her administrative remedies, and the district court properly found that Horn's retaliation claim against Cecelski was barred. Cole v. Antelope Valley Union High Sch. Dist., 47 Cal.App. 4th 1505, 1515, 55 Cal.Rptr.2d 443, 448 (1996); see also Carter v. Smith Food King, 765 F.2d 916, 921-22 (9th Cir.1985) (finding failure to name party in administrative charge is jurisdictional bar to civil action).
 
 
 14
 AFFIRMED.
 
 
 
 **
 Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3