Joseph P. **GONZALES**, Plaintiff—Appellant,

v.

Paul **ANDERSON**; Ed Burgus; Dale Warmuth, Defendants—Appellees.

No. 02–17121.

D.C. No. CV–99–00360–LRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Decided Jan. 6, 2004.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

---

Jeffrey A. Dickerson, Esq., Reno, NV, and James Andre Boles, Esq., Law Office of James Andre Boles, Reno, NV, for Plaintiff–Appellant.

Charles Hilsabeck, Esq., Reno, NV, for Defendant–Appellee.

Before BRIGHT,* D.W. NELSON, and RYMER, Circuit Judges.

* Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## MEMORANDUM **

Joseph P. Gonzales appeals the district court's grant of summary judgment in favor of Paul Anderson, Dale Warmuth, and Ed Burgess in a § 1983 action alleging that his termination from the Nevada Youth Training Center (N.Y.TC) was in retaliation for engaging in protected speech. We agree with the district court that Gonzales did not establish that his protected conduct was a substantial or motivating factor in his termination. Assuming that Gonzales engaged in protected speech by raising a question about whether there was a use-of-force policy in one conversation and touching on it in another, he did not show that his position on the use of force was a substantial or motivating factor in his termination. *See Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir.2003); *Erickson v. Pierce County*, 960 F.2d 801, 804 (9th Cir.1992). Nor was temporal proximity between the two conversations and the actions against him sufficient to raise a triable issue in the circumstances of this case.

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

