FILED

NOT FOR PUBLICATION

NOV 20 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

PUONGPUN SANANIKONE,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

No. 13-16589

D.C. No.
2:07-cv-01434-KJM-KJN

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted October 23, 2015
San Francisco, California

Before: WALLACE, BLACK**, and CLIFTON, Circuit Judges.

Appellant Puongpun Sananikone, chairman of the board of American Steel

Frame, Inc., appeals judgment following a jury verdict in favor of the United States

in his action to recover penalties assessed against him pursuant to 26 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Susan H. Black, Senior Circuit Judge for the U.S.
Court of Appeals for the Eleventh Circuit, sitting by designation.

§ 6672. Section 6672 provides that, when an employer fails to pay over trust-fund taxes withheld from employee wages, the Internal Revenue Service (IRS) may assess civil penalties against "[a]ny person required to collect, truthfully account for, and pay over" the taxes. 26 U.S.C. § 6672. When the IRS assesses a penalty under § 6672, the taxpayer may challenge the assessment by bringing suit for a refund in federal court. The taxpayer has the burden of proof in such actions. *United States v. Jones*, 33 F.3d 1137, 1139 (9th Cir. 1994). To defeat an assessment, the taxpayer must establish, by a preponderance of the evidence, that he either (1) is not a "responsible person" within the meaning of § 6672; or (2) did not act "willfully" in failing to collect or pay over the withheld taxes. *Id.*

Appellant first argues there is insufficient evidence to support the jury's conclusion that he was a "responsible person" within the meaning of § 6672. Our case law establishes that a director who controls tax payments may be held responsible under § 6672. *See United States v. Graham*, 309 F.2d 210, 212 (9th Cir. 1962); *see also Pac. Nat'l Ins. Co. v. United States*, 422 F.2d 26, 31 (9th Cir. 1970); *Jones*, 33 F.3d at 1140.

Whether a director has sufficient control over tax payments to rise to the level of "responsible" is a fact-based inquiry. Individuals are responsible if they have "the authority required to exercise significant control over the corporation's

financial affairs." *Purcell v. United States*, 1 F.3d 932, 937 (9th Cir.1993). So long as control is "significant," it need not be exclusive, *Turner v. United States*, 423 F.2d 448, 449 (9th Cir. 1970), and it need not be exercised in fact, *Purcell*, 1 F.3d at 937. "[T]he duty to ensure that withheld employment taxes are paid over flows from the authority that enables one to do so." *Purcell*, 1 F.3d at 937. Thus, "[a]lthough an individual's daily functions may be unrelated to financial or tax-related decision-making, that individual may be 'responsible' by having the authority to pay or to order the payment of delinquent taxes." *Jones*, 33 F.3d at 1140 (quotation marks omitted).

The jury in this case found that Appellant was a "responsible person" within the meaning of § 6672. We review de novo the denial of a motion for judgment as a matter of law. *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1226 (9th Cir. 2001). Under that standard, this court may only set aside a jury verdict if "it is clear that the evidence and its inferences cannot reasonably support a judgment in favor of the opposing party." *Erickson v. Pierce Cty.*, 960 F.2d 801, 804 (9th Cir. 1992). The denial of a motion for new trial is reviewed for abuse of discretion, and is "reversible only if the record contains no evidence in support of the verdict or if the district court made a mistake of law." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 962 (9th Cir. 2009). We have reviewed the record

and conclude that there was sufficient evidence for the jury to find that Appellant was "responsible" within the meaning of § 6672.

Appellant also argues that there is insufficient evidence to support the jury's conclusion that he acted "willfully" within the meaning of § 6672. A person acts willfully when he takes a "voluntary, conscious[,] and intentional act to prefer other creditors over the United States." *Davis v. United States*, 961 F.2d 867, 871 (9th Cir. 1992) (quotation marks omitted). Willfulness may also be established by a "reckless disregard for obvious risks." *Sorenson v. United States*, 521 F.2d 325, 329 (9th Cir. 1975). We have reviewed the record and conclude that there was sufficient evidence for the jury to find that Appellant acted willfully.

Finally, Appellant argues that the district court abused its discretion by declining Appellant's request for special interrogatories. Rule 49(b)(1) of the Federal Rules of Civil Procedure allows the court to submit to the jury a general verdict with special interrogatories "on one or more issues of fact that the jury must decide." The decision whether to submit such a verdict "is committed to the discretion of the trial court." *Frank Brisco Co. v. Clark Cty.*, 857 F.2d 606, 614 (9th Cir. 1988). The district court did not abuse its discretion in this case.

**AFFIRMED**.